## JOSEPH PETIT *vs.* WILLIAM T. COLMERY.

*Criminal Law—False Imprisonment—Trespass—Public Peace Offi-
cers—Exceeding Authority—Self-Defense—Reasonable Force—
Legal Arrest—Arresting under Search Warrant—Night
Time — Evidence — Construction of Statute — Dam-
ages—Exemplary Damages—Mitigation.*

1. False imprisonment is an unlawful arrest and detention of the person of another either with or without a warrant of arrest.

2. In an action for false imprisonment the actual detention of the person and the unlawfulness thereof constitute the trespass, the gravamen being the unlawfulness of the imprisonment.

3. A constable has the right, and it is his duty, to execute a warrant of arrest in a lawful manner; and as a public officer he must not commit a trespass by exceeding his authority.

4. Any cruel or unnecessary exposure of the person to cold or deprivation of suitable clothing or covering while in the custody of the officer arresting him, is unlawful, rendering the officer liable.

5. An officer in discharge of a public duty may, if attacked by another, avail himself of the law of self-defense, using no more force and resistance than may be necessary to protect himself from bodily harm.

6. If an officer endeavoring to make an arrest be attacked by the person whom he attempts to arrest, or if he is interfered with by others, he may use all reasonable force necessary to effect the arrest.

7. In an action for false imprisonment where the plaintiff was arrested under a search warrant, it is incumbent upon the plaintiff to show that the arrest was unlawful.

8. Under the statute of this State in relation to a search warrant providing that "a search warrant shall not authorize the person executing it to search any dwelling house in the night time, unless," etc. (*Rev. Code (1893), 737*), an arrest made under such warrant is not unlawful because made in the night time, if made without unnecessary violence before entering the house authorized to be searched.

9. To constitute a legal arrest the officer must lay his hand on the defendant, or otherwise take possession of his person, making him his prisoner in unequivocal form.

10. Under the statute (*Rev. Code (1893), 737*) authorizing the execution of a search warrant, by "night time" is meant that space of time during which the sun is

below the horizon of the earth, except that space which precedes its rising and follows its setting, during which by its light the countenance of a man may be discerned.

11.   An arrest made under such search warrant, although made in the house in the night time, is not unlawful if the officer goes into the house at the instance of the occupant.

12.   Where an officer is resisted in making an arrest and in retaliation uses more force than is reasonably necessary to effect the arrest, it is unlawful.

13.   In an action for false imprisonment, plaintiff's damages are such expenses as were incurred in procuring his discharge, loss of time, physical and mental suffering and the humiliation the arrest may have occasioned.

14.   In an action for false imprisonment, where exemplary damages are claimed, defendant may, in mitigation, show that he was resisted by the plaintiff and any relevant circumstances showing a reasonable provocation for the resort to force.

15.   Where an injury is inflicted maliciously or wantonly, the jury are not restricted to actual damages. but may give such damages in addition as the circumstances seem to warrant, to deter others from like offenses.

*(February 18, 1903.)*

Judges SPRUANCE and BOYCE, sitting.

*John H. Rodney* for plaintiff.

*J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, February Term, 1902.

ACTION OF TRESPASS ON THE CASE (No. 184, May Term, 1902), for damages for false imprisonment.

BOYCE, J., charging the jury :

Gentlemen of the jury :—This is an action of trespass, brought to recover damages for an alleged false imprisonment of the plaintiff by the defendant.

False imprisonment is an unlawful arrest and detention of the person of another, either with or without a warrant of arrest.   It

consists in an unlawful restraint upon a man's person or control over the freedom of his movements, by force or threats, and every such restraint or confinement is unlawful where it is not authorized by law. The actual detention of the person and the unlawfulness thereof constitute the trespass; the gravamen being the unlawfulness of the imprisonment; and for every such imprisonment the officer making the arrest is liable in damages.

It is conceded that the plaintiff was arrested by the defendant and that the latter was, at the time of making the arrest, a constable of this county.

A constable has the right, and it is his duty, to execute a warrant of arrest in a lawful manner; and in so far as he acts *as a peace officer* he must be concerned *not to commit a trespass* upon the person of another *by exceeding his authority*, and he must obey the mandate of his warrant.

The Court in the case of the *State vs. Townsend, 5 Harr., 487*, said, " that with regard to a known peace officer of the County, it is not necessary for him to either produce his warrant or state his character and authority before making an arrest. The arrest itself is the laying of hands on the defendant, and it might be defeated by the ceremony of making an explanation or producing a paper before the arrest is made. It is quite time to produce the authority on the demand of the person arrested, or after the arrest. Everyone is bound to know the character of an officer who is acting within his jurisdiction, and every citizen is bound to submit peaceably to such officer until he can demand or investigate the cause of his arrest. If the officer have no warrant for the arrest, he is liable to the defendant, who can suffer no wrong by submitting to the law; but if he resist before such investigation, and the officer have authority, he is indictable for obstructing such officer in the discharge of his duty."

And in the case of the *State vs. List, 1 Houst. Crim. Cas., 133 (143)*, the Court said, "As to the manner in which such an officer should proceed to make an arrest, it is not easy to prescribe any

precise and definite rule under the varying circumstances and degrees of force and resistance which he may be destined to encounter in the legitimate discharge of his hazardous and responsible duty." A constable may take with him such assistance as he may deem necessary to aid him in the execution of a warrant of arrest. But, with or without such assistance, he may not use more force than is reasonably necessary to make the arrest, or to prevent the escape of the accused; and if there be no resistance on the part of the person to be apprehended, or interference on the part of others, the officer may not resort to any violence in making the arrest. If, however, he be resisted he may use such force as the circumstances reasonably require, in order to make the arrest, to prevent an escape, or for the purpose of protecting himself from bodily harm.

This Court said in the case of the *State vs. Mahon, 3 Harr., 568*, "A person having authority to arrest another must do so peaceably and with as little violence as the case will admit of. He must touch the person; and ought to do it without violence, unless the case require roughness; if resisted he may use force sufficient to effect his purpose. But if no resistance be offered, or attempt at escape, he has no right rudely and with violence, to seize and collar his prisoner."

Any cruel or unnecessary exposure of the plaintiff to cold, or deprivation of suitable clothing, or covering, while he is in the carriage with and in custody of the officer would be unlawful.

We may say to you, as was said by the Court in the case of the *State vs. Dennis, 2 Marvel, 433*, "Public peace officers are charged not only with the maintenance of the public peace and order, but with the preservation of the safety of person and property within their jurisdiction. Their duties, therefore, are very reponsible ones, and, at times, very perilous ones; and unless they are protected by the law, neither the public peace nor the preservation and protection of life, person and property can be secured."

An officer in the discharge of a public duty, if attacked by another, may, no less than any other person, avail himself of the law of self-defense.  He may, in defending himself, use such force as may be sufficient, to repel the attack upon him, but for this purpose the force and resistance resorted to by him must be no more than are necessary to protect himself from bodily harm.  In addition to this force, if he be attacked by one whom he is endeavoring to arrest, or if interfered with by others, in making the arrest he may use all reasonable force necessary to effect the arrest.

If you find that the plaintiff was arrested under what is commonly known as a search warrant, then we say to you that it is incumbent upon the plaintiff to satisfy you by a preponderance of the evidence that the arrest so made was unlawful.

The statute in this State in relation to a search warrant contains this provision: "a search warrant shall not authorize the person executing it to search any dwelling house in the night time, unless the magistrate, or Justice, shall be satisfied that it is necessary in order to prevent an escape, or removal of the person, or things, to be searched for ; and then the authority shall be expressly given in the warrant."

*Rev. Code (1893), 737.*

If you find from the search warrant in evidence before you, that it authorized the defendant to enter the house of the plaintiff in the day time only, and not in the night time, as it is alleged by the plaintiff, then it will be your duty to determine from the evidence, whether the arrest of the plaintiff was made before or after entering his house, if made in the night time.

For if the arrest was effected before entering the plaintiff's house and it was not otherwise made unlawfully, it matters not that it may have been made in the night time.

And to aid you in determining as to the place of arrest, that is, whether it was made in or out of the plaintiff's house, it may be well again to inform you as to what constitutes an arrest.  This Court has said that " to constitute a legal arrest the officer must

lay his hand on the defendant, or otherwise take possession of his person. He must make him his prisoner in an unequivocal form."

*Lawson vs. Buzines, 3 Harr., 416.*

If you find that the arrest was made in the plaintiff's house. then it will remain for you to determine whether the arrest was made in the night time. By *night time,* under the statute authorizing the execution of a search warrant, is meant that space of time during which the sun is below the horizon of the earth, except that space which precedes its rising and follows its setting, during which, by its light, the countenance of a man may be discerned (*Bouv. Law Dict.*) If you find the arrest was made in the house of the plaintiff and during that space of time which follows the setting of the sun, during which by its light, out of the house, the countenance of a man might be discerned, and that no unnecessary force was used in executing the warrant, then such an arrest would not be unlawful, and if you find that the arrest was made in the house, in the night time, and that the officer had gone into the house at the instance of the plaintiff and the arrest was not made with unnecessary violence, then such an arrest was not unlawful.

If you find that the defendant was not authorized to make the arrest of the plaintiff when and where it was made, or that the arrest was unlawful in that the constable used unnecessary force in making the arrest, then your verdict should be for the plaintiff. For if the officer was resisted, and he, in retaliation, used more force, or greater violence, than was reasonably necessary to effect the arrest, then he would be without justification and the arrest so made would be unlawful.

The plaintiff claims, in this case, both compensatory and exemplary or punitive damages; and if you find that the defendant made an unlawful arrest of the plaintiff, you should find a verdict in his favor for such expenses, if any, as were reasonably incurred in procuring his discharge, for his loss of time, for his physical and mental suffering and for the humiliation which his arrest and incarceration may have occasioned him.

VERDICT.

In actions for false imprisonment, when exempliary damages are claimed, the defendant may, in mitigation of these, show to the jury that he was resisted by the plaintiff in his effort to effect the arrest of the latter, and any relevant circumstances showing a reasonable provocation for a resort to force on the part of the officer in making the arrest.

The general rule as to exempliary damages is that when an injury has been inflicted maliciously and wantonly, the jury are not restricted to actual or compensatory damages, but may give such damages in addition thereto as the circumstances of the case seem to warrant, to deter others from like offenses.

You will now take this case, gentlemen, and render your verdict for that party in whose favor the evidence preponderates.

Verdict for plaintiff for $275.