## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### April 13, 1923.

## THE PEOPLE v. LEWIS MANISCALCO.

(205 App. Div. 483.)

INTOXICATING LIQUORS—SEARCH WARRANT—COMPLAINT STATING THAT TWO MEN WERE SEEN TO GO INTO BUILDING APPARENTLY SOBER AND COME OUT, APPARENTLY DRUNK, INSUFFICIENT UNDER CODE OF CRIMINAL PROCEDURE, § 802-B—LIQUOR CANNOT BE SEIZED IN ANY BUILDING WITHOUT WARRANT.

A complaint upon which to base the issuance of a search warrant, under section 802-b of the Code of Criminal Procedure, for the seizure of intoxicating liquors illegally kept, is insufficient to show that the liquors are kept in violation of law where the only statement tending to show that the liquors were kept in the building at all was that the deponent watched the premises for about two weeks and at some time during that time he saw two people enter the premises apparently sober and come out about an hour thereafter apparently drunk.

Liquors kept in any building, whether a private dwelling or a business building, cannot be seized legally on the ground that they are illegally kept, without the aid of a search warrant.

APPEAL by the defendant, Lewis Maniscalco, from an order of the County Court of the county of Nassau, entered in the office of the clerk of said county on the 1st day of February, 1922, denying his motion to vacate a search warrant and for the return of certain intoxicating liquors seized thereunder.

*Louis Spiegel*, for the appellant.

*Charles I. Wood, Assistant District Attorney* (*Charles R. Weeks, District Attorney*, with him on the brief), for the respondent.

JAYCOX, J.:

The warrant was issued on a complaint made by James H. Ricker, a policeman of Hempstead, Nassau county, N. Y. The material portions of the complaint read as follows:

" Second. That there are grounds for belief and probable cause for believing that intoxicating liquor is kept, stored and deposited in the following premises: millinery store, living quarters and adjacent premises and rooms above in the building known as Liberty Hall on Front St. and Liberty St., Hempstead, Nassau Co., N. Y., in violation of Article 113 of the Penal Law * of the State of New York.

. " Third. That the name of the person so keeping, storing and depositing such intoxicating liquor as aforesaid is Lewis Maniscalco, and the name of the owner of the premises where such intoxicating liquor is so stored, kept and deposited as aforesaid is unknown to deponent.

" Fourth. That the facts and circumstances upon which your deponent states that there are grounds for belief and probable cause for believing that intoxicating liquor is kept, stored and deposited upon said premises are as follows: Deponent has watched said premises for the greater part of the past two weeks. He has seen two people enter premises apparently sober and has seen them come out after about an hour apparently intoxicated. He has questioned people he has seen there and has been told by them that intoxicating liquor was sold there for $.40 a drink. Deponent believes that wine, whiskey and other intoxicating liquor is sold there."

The question presented by this appeal is as to the sufficiency of the complaint. The law in relation to the subject is found in section 802-b of the Code of Criminal Procedure (as added by Laws of 1921, chap. 156). Subdivision 2 thereof, so far as material, reads as follows:

" 2. Upon the verified complaint of any person setting forth

---

* Added by Laws of 1921, Chap. 155. [Rep.

facts which show grounds for belief that intoxicating liquor is kept, stored or deposited in any place in this state in violation of any provision of article one hundred and thirteen of the Penal Law, or that there is probable cause for believing that such liquor is so kept, stored or deposited, any judge of any city court of record of the city, or any county judge of the county or justice of the Supreme Court in the judicial district where such liquor is so kept, stored or deposited, may issue his warrant directed to any peace officer, commanding him forthwith to search the premises described in said warrant for such liquor kept therein, and to seize such liquor, if found."

Does this complaint set forth facts which show grounds for belief that intoxicating liquor was kept in the premises described in the complaint, or do those facts show that there is probable cause for believing that liquor is so kept? In my estimation they do not. The mere fact that two men go into a house sober and come out intoxicated does not indicate that the liquor which these two men drank was illegally kept as long as the premises are a private dwelling, as a citizen is entitled to keep in his private dwelling liquors which he possessed before the enactment of chapter 155 of the Laws of 1921 (adding to Penal Law, § 1213), for use only for the personal consumption of the owner and his family residing in such dwelling and of his *bona fide* guests when entertained by him therein. There is nothing in the complaint to indicate that these persons were not *bona fide* guests. *Second,* the persons who drank the liquor may have taken it with them upon the premises and there drank it and thus became intoxicated, without the owner of the premises having any knowledge of the drinking at all. *Third,* I think it is a fact which is generally known that liquor does not take an immediate effect, and, therefore, these two men might have gone into the premises after having imbibed and while there the liquor may have taken effect upon them and they may have come out of there in an intoxicated condition. It seems to me that in order to invoke such a drastic remedy as this—

to enter upon a man's premises and make a search thereof—sufficient facts must be stated so that the only conclusion to be drawn therefrom would be that liquor was illegally possessed or stored upon the premises. If the facts stated do not necessarily and logically lead to that conclusion, I think they are insufficient. In this case, for all that the affidavit shows, these may have been the only two men who went into those premises during the whole two weeks. They may have been boarders there who entered the place every day and at regular hours so that there was nothing about their coming and going to indicate that they went there for the purpose of obtaining liquor. On the other hand, there may have been a string of people going in and out of the premises all the time and their conduct may have been such as to arouse suspicion and lead to the belief that intoxicating liquors were being dispensed therein. This, in connection with the two intoxicated men, might have been enough to justify the issuance of a search warrant, but standing alone I think the mere statement that two men went into the premises apparently sober and came out apparently intoxicated is not enough.

The district attorney urges: " In the absence of proof that the place where the liquor was seized was a ' private dwelling,' there was no necessity for a search warrant." In support of this he claims that subdivisions 5 and 6 of section 802b of the Code of Criminal Procedure authorize the searching of any premises not a private dwelling without a warrant. I do not agree with this contention. He fails to observe the distinction between search and seizure. I think the meaning of these subdivisions of said section is that when an officer sees a person with liquor, outside of a private dwelling, he may seize the liquor; but when the liquor is in a storeroom or in a building not used for the purpose of a dwelling, I think the officer is not authorized to break in and seize it. Subdivision 5 provides that when a peace officer shall discover a person in the act of transporting intoxicating liquor in violation of article 113 of

the Penal Law in any wagon, buggy, automobile, water craft, etc., it shall be his duty to seize any and all intoxicating liquor found therein being transported contrary to such law.   Subdivision 6 provides that whenever a peace officer shall find any person in the act of illegally manufacturing, selling, bartering, transporting, importing, exporting, delivering, furnishing, or purchasing intoxicating liquor, or in the unlawful possession thereof outside of his private dwelling, he may, without a warrant, seize any and all such intoxicating liquor, etc.    I think it was not the purpose of the law to make all premises and buildings not used for private dwellings subject to search without a warrant.    Such an innovation should be most clearly expressed.    A legislative intention of that character could not be presumed.    Further, I think it would be a violation of the provisions of our Civil Rights Law, section 8 of which reads: " Right of search and seizure.    The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, ought not to be violated; and no warrants can issue but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."*    It is to be noted that the clause in relation to the place to be searched does not say a " dwelling house " or " private dwelling," but says " the place to be searched."    This, of course, would include any kind of a building.    (See, also, Code Crim. Proc., § 793 *et seq.*)    Therefore, I think that a search warrant was as necessary to search the millinery store as it was to search the private dwelling.    In People v. De Vasto (198 App. Div. 620) this court held a complaint insufficient upon which a search warrant issued.    In that case the complaint alleged that the said Peter De Vasto was formerly engaged in the liquor business in a store on Washington street, in the city of Newburgh, and still continues to run said store, selling soft drinks, etc.

---

* Since amd. by Laws of 1923, Chap. 80.   [Rep.

The warrant was set aside under our decision and the liquors directed to be returned. These proceedings have generally involved premises other than private dwellings. The last instance I find reported is Matter of Search for and Seizure of Liquors (204 App. Div. 185), where the premises are described as a hotel and barroom.

I recommend that the order of the County Court of Nassau county be reversed upon the law, without costs, and the motion to vacate and set aside the search warrant and to direct the return of the property seized should be granted, without costs.

KELLY, P. J., YOUNG and KAPPER, JJ., concur.

Order of the County Court of Nassau county reversed upon the law, without costs, and motion to vacate and set aside the search warrant and to direct the return of the property seized, granted, without costs.