## UNITED STATES v. MARTIN.

District Court, D. Massachusetts. March 26, 1929.

No. 8517.

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass.

Daniel A. Shea, of Boston, ·Mass., for defendant.

### Opinion On Motion To Suppress.

MORTON, District Judge. This is a motion to suppress evidence obtained upon a search and seizure under a "daytime" search warrant in the usual form, issued September 29, 1928, by Commissioner Jenney at Boston. The officers entered upon the defendant's premises under the warrant on the same day, 10 minutes after sunset. The question is whether this was a legal service.

There is no doubt that service of a daytime warrant in the nighttime would be illegal. The case, therefore, turns on what is meant by "daytime" in the Espionage Act. 18 USCA § 620. It is a point of considerable practical importance, upon which there appears to be comparatively little authority. In U. S. v. Syrek (D. C.) 290 F. 820, Judge Brewster, in this court, held invalid a daytime search warrant which was served at 5:15 p. m. on December 22d. He adopted, without discussion, the definition of "daytime" in U. S. v. Boston & Maine Railroad Co., 269 F. 89, 90 (C. C. A. 1), a case under the Hours of Service Act, in which it was said, obiter dicta, that "daytime" and "night" in their ordinary meanings are divided by sunrise and sunset; but, as the entry was not made till about an hour after sunset, the search was illegal under any definition of daytime. In Atlanta Enterprise, Inc. v. Crawford (D. C.) 22 F.(2d) 834, Judge Sibley declined to hold invalid a search made under a daytime warrant 38 minutes after sunset. He applied the so-called burglary test, and held that doubt should be resolved in favor of the warrant. The same test was applied to a search warrant in Petit v. Colmery, 4 Pen. (Del.) 266, 55 A. 344. See, too, State v. Bancroft, 10 N. H. 105, 106.

Uncertainty as to the meaning of "daytime" and "night" is of very long standing in the law. On a question of distraint of rent (which can be legally made only in the daytime) it was held in Tutton v. Darke, 5 H. & H. 647 (1860), that the permissible period was between sunrise and sunset. This decision was confined to distraint, and was rested on very old common law, the Mirrour of Justices, c. 2, § 26, a book said to have been written in the time of Edward II (1284–1327). The same rule as to nighttime, i. e., from sunset to sunrise, appears to have been applied very early to indictments for burglary. That view was ancient and obsolete, however, at the time of Lord Hale, who says that, "if the sun be set, yet if the countenance of a party can be reasonably discerned by the light of the sun or crepusculum, it is not night nor noctanter to make a burglary." 1 Hale, P. C. 550. This is still the law as to burglary, except where changed by statute.

The present question depends upon the meaning of "daytime" in a federal statute passed in 1917. It can hardly be supposed that Congress had in mind either the definition of burglary or the older use of the word applied in distraint cases. "Daytime" is used in this statute in its ordinary meaning at the present time. Even so, strangely enough, the question is by no means clear; the dictionaries do not agree, and there is confusion in common usage. Dr. Johnson defined "day" as "the time between the rising and the setting of the sun." The Century Dictionary and some others follow this definition. On the other hand, Worcester's Dictionary defines "daytime" as "the time in which there is the light of day," and Webster's Dictionary accords. What seems to me to be the correct view is stated in Murray's Dictionary, where "day" is defined as, "in ordinary usage, including the lighter part of morning and evening twilight, but, when strictly used, limited to the time when the sun is above the horizon, as in 'at the equinox day and night are equal.' "

This rule has great practical advantages. The statute requires that a line be drawn between "daytime" and "night." It is highly desirable that this line be definite and easily ascertained, so that both officers and the public may know how they stand. Sunrise and sunset will make a much better working rule than the vague and shadowy boundaries adopted for humanitarian reasons in defining burglary. Moreover, it is not to be forgotten that search warrants may be served in the morning, as well as in the evening; and sunrise seems quite early enough for the invasion of a dwelling house. In this case no harm was done by the slight delay in the service of the warrant; but a rule is a rule, and, if adopted, must be enforced.

Let an order be entered suppressing the evidence.