## DISTEFANO v. UNITED STATES.

### No. 6475.

Circuit Court of Appeals, Fifth Circuit.
May 26, 1932.

Robert B. Todd, of New Orleans, La., for appellant.

E. E. Talbot, U. S. Atty., and William H. Norman, Asst. U. S. Atty., both of New Orleans, La.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was charged with manufacturing home-brew beer, with possessing intoxicating liquors fit for beverage purposes, with possessing property designed for the manufacture of intoxicating liquor, with the sale of one pint of whisky on March 21, 1931, at No. 541 Iberville street, Baton Rouge, and with conducting a nuisance at the same place, in respective counts of an indictment. He was acquitted on the count charging a sale,

and convicted on the others. Error is assigned to the overruling of a motion to suppress certain evidence secured by the execution of a search warrant, and to the overruling of an objection to the admission of said evidence.

It appears that on March 31, 1931, a search warrant was issued by a United States commissioner to search the premises No. 541 Iberville street. The warrant permitted search either in the daytime or nighttime, and was based on an affidavit of a prohibition agent stating that on March 21st (ten days previously) he had purchased one pint of liquor at the said premises from a woman known to him as Mrs. Campanola, whose appearance he described, and that he was positive that liquor was then unlawfully in the said premises. The warrant was executed on April 4th by a prohibition agent, Ammerman, who testified that he "raided the above described premises about 7:30 o'clock on the night of April 4th." A quantity of home-brew beer, paraphernalia for making it, ten gallons of alcohol, and six pints of whisky were found. The premises were occupied by appellant and his wife as their residence. His wife was subsequently identified as the Mrs. Campanola who sold the pint of whisky on March 21st. Appellant's testimony, as shown by the bill of exceptions, was somewhat rambling, but substantially denied the sale of either whisky or beer on the premises.

 In order to justify a search under the warrant at night, it was necessary that the affidavit upon which it issued should state positively that liquor was in the place to be searched at the time the warrant was issued. 18 USCA § 620. The time stated in the affidavit is of the essence of the warrant. Unless the positive averments of fact show that liquor is illegally possessed at the place to be searched, the further statement of the affiant that he is positive that liquor is there is a mere conclusion without probative force. We do not think the affidavit in this case, reciting that intoxicating liquor had been purchased ten days before the warrant was served, was sufficient to show probable cause for its issuance to be served in the nighttime. In re Hollywood Cabaret (C. C. A.) 5 F.(2d) 651; Siden v. U. S. (C. C. A.) 9 F.(2d) 241; Poldo v. U. S. (C. C. A.) 55 F.(2d) 866.

 The United States contends that the warrant was good, if served in the daytime. This may be conceded. And that, if served at nighttime, the burden was on appellant to show that fact, citing U. S. v. Fitzmaurice (C. C. A.) 45 F.(2d) 133. The government further contends that daytime extends for that period after sundown in which a person may be recognized at a reasonable distance, citing our recent decision in Moore v. U. S., 57 F.(2d) 840, decided April 15, 1932. Apparently this contention was not made in the lower court. It seems to have been conceded that the search was made at night, and the decision rested on the ground that probable cause was shown. However, we think the burden has been sustained. The officer serving the warrant testified that he served it at nighttime, about 7:30 p. m. According to official records, on April 4, 1931, the sun set at Baton Rouge at 6:25 o'clock. There is no doubt that daytime continues after sunset for a limited period, but we may take notice that it is dark and nighttime an hour and five minutes after the sun has set, in the vicinity of Baton Rouge, where the period of twilight is notoriously short.

 It was error not to grant the motion to suppress the evidence obtained by the search warrant. Having overruled that motion, it was error not to sustain the objection to the introduction of testimony based upon the search and seizure. Other errors assigned need not be considered.

Reversed and remanded.