**J. M. SASSER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15491.**

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1955.

Rehearing Denied Jan. 7, 1956.

George W. Atkinson, Atkinson & Williams, Tallahassee, Fla., for appellant.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., Harrold Carswell, U. S. Atty., Tallahassee, Fla., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

Our questions are rather narrow ones. A United States Commissioner issued a search warrant specifically describing a barn on appellant's farm in Gadsden County, Florida, and reciting belief of the maker of the affidavit on which the warrant was issued that moonshine liquor was concealed in the barn. The search warrant commanded the search of "the (place and other outbuildings) named for the property specified."

Three or four officers with the search warrant went to the appellant's farm before sunrise on November 16, 1954. He was told they had a search warrant and it was given to him. He read it by a flashlight. He called attention to the fact that it was a daytime warrant. At the trial he quoted one of the officers as replying that "we can stay here if it takes all day." On the premises was a man named Tom Harrison. The officers were considering arresting him. Appellant gave several statements regarding his desire that Harrison be "let go" the last of which was, "I told them [the officers] I would unlock the door if they would let Harrison go, they didn't have

anything on him, and I taken the search warrant in my hand and walked over there and unlocked the door and they toted the whiskey [sixty-nine gallons] out." The return on the warrant recited that the premises were searched at 7 o'clock A.M. The sun arose that morning at 7:04. The appellant made motions for the quashing of the search warrant and the suppression of the evidence. In the District Court and on appeal it was urged that the words "other outbuildings" rendered the search warrant invalid and that no waiver or consent to making a search under the warrant before daylight was given or could have been given, and that the consent to the search was exacted by coercion.

■ The description in the search warrant of the barn was definite and specific. The reference to "other outbuildings" may have been vague and indefinite. No prejudice to appellant has resulted as only the barn was searched.

■ We do not know how much light there may have been when the search was made. The appellant knew two of the officers. He said he recognized one of them at a distance of about ten feet when they first came on the premises. Some time had lapsed after this recognition before the search got under way. In some jurisdictions it seems to be the rule that "daytime" as used in and with respect to search warrants and the statutes relating to them means the time between sunrise and sunset. United States v. Martin, D.C.Mass.1929, 33 F.2d 639. The rule adopted in a number of jurisdictions and in this Circuit is that daytime begins at that period when there is sufficient natural light to enable one readily to recognize a person's features at a reasonable distance. Moore v. United States, 5 Cir., 1932, 57 F.2d 840; Distefano v. United States, 5 Cir., 1932, 58 F.2d 963.

■ Whether or not daytime had arrived when the search of appellant's barn had commenced, the consent given by the appellant and the unlocking by him of the door to the barn waived any right he may have had that his premises should be free from search until the lapse of further time.

In testifying, appellant was asked what he had said regarding the search. We quote his reply:

"I said 'well I don't see no use in setting around here all day;' I said, 'you have got the search warrant and you have already served it on me;' I said 'why don't you turn that negro [Harrison] aloose and let me unlock the door.'"

We find nothing involuntary or coerced in the consent by appellant to the search. Rather, we think appellant's attitude was reflected in his statement to Harrison, "looks like they have got me this time Tommy, they've got a search warrant". Consent being voluntarily given to the search, the technical requirements were waived and we need not further consider whether or not it was daytime at the time of the search. In re Fried, 5 Cir., 1947, 161 F.2d 453; Crawford v. United States, 5 Cir., 1955, 219 F.2d 207.

No error appearing, the judgment is Affirmed.