J. Irwin Shapiro, J.
Defendants have moved (1) for an order suppressing evidence on the ground that it was obtained by an illegal search and seizure, at night, under the ostensible authority of a daytime search warrant (2) or, in the alternative, for an order vacating the warrant for want of support by affidavit establishing probable cause for belief in the existence of lawful grounds for its issuance (Code Grim. Pro., §§ 792, 793). The facts, as gleaned from the motion papers and the minutes of a preliminary hearing in the Magistrates’ Court, appear to be as follows:
On the afternoon of January 10, 1962 a task force of New York City police officers was so divided that at least one officer kept under surveillance a storage building at 156-08 107th Avenue, Queens County, N. Y., while others proceeded to the Magistrates’ Court where a search warrant was sought and obtained, authorizing them to enter the premises, in the daytime, to make immediate search for certain allegedly stolen drug supplies, sundries and toilet articles. Meanwhile, the one officer had observed defendant Malinsky enter the suspected building. The officers who obtained the warrant arrived in the vicinity of the building at about 4:40 p.m. but made no immediate effort *205 to enter the place. Instead, they joined in the surveillance with the result that at about 4:45 p.m. Malinsky was observed leavñig the place and at about 5:15 p.m. defendant Lustigman was seen to enter it. Almost immediately thereafter a Hertz rental truck, with Malinsky as the driver and sole occupant, was backed into the building, through a door opened by defendant Felt. At about 5:45 p.m. two of the officers proceeded to the side of the building and, through its windows, observed the defendants, in and about the truck, “handling the Beauty Culture supplies * * * passing them into the truck”. At 6:00 p.m. they entered and executed the warrant, thereby recovering property later identified as merchandise oAvned by First National Chain Stores and stolen along with the trailer upon Avhich they had been loaded. Somehow, as a further result of their efforts that day, the police also recovered the trailer. Thereafter defendants were indicted for felonious violations of section 1308 of the Penal Law for their possession of the drug supplies (Counts 1 and 2) and the trailer (Counts 3 and 4). The instant motion is made in advance of their trial under that indictment.
Concededly, the warrant was executed at 6:00 p.m., after sunset[1] which, by long-established definition of Nbav York law, Avas in the nighttime, i.e., “ the time from sunset to sunrise ” (General Construction Law, § 51). That Blackstone considered this an ancient notion and that other jurisdictions have accepted his preference for “ the better opinion * * * that if there be daylight or crepusculum enough to discern a man’s face ” it is daytime (4 Blackstone’s Com. [Gavit ed.], 844; Words and Phrases, vol. 28-A, pp. 263-267) are of greater interest than persuasion since the New York Legislature has put the substantive and procedural criminal law within the operative scope of the definitions supplied by the General Construction Law (supra). (People v. Prisco, N. Y. L. J., April 16, 1962, p. 14, col. 4.)
By its express terms, the latter statute is “ applicable to every statute unless its general object or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter ” (§ 110; emphasis supplied). It so provided when originally enacted as the Statutory Construction Law (L. 1892, ch. 677, § 1) and specific instances of its application to the law of crimes and criminal procedure are furnished by the contemporaneous repeal of definitive statutes in both of *206 those fields, viz., sections 955, 956 and 957 of the Code of Criminal Procedure and sections 261, 500 and subdivisions 9 to 15 of section 718 of the Penal Code (-L. 1892, ch. 677, Supra; § 35 and schedule annexed, pp. 1492-1493). The repeal of sections 261 and 500 of the Penal Code is noteworthy since the former defined ‘ ‘ day ” in a chapter dealing with Sabbath violations and kindred offenses and the latter defined ‘ ‘ night time ” in the burglary context. Thus, aggravation of the crimes of burglary and larceny, by reason of their commission in the “ night time ” (id., § 530, subds. 1, 2), was left to depend upon proof conforming to the definition given in the Statutory Construction Law. Arson was either overlooked or the statute suffered to remain because of its combination, in a single sentence, of the definitions of “ night time ” and “ dwelling-house ” (id,, § 492). There being no indication of a contrary legislative intent, the definition of nighttime found in the .General Construction Law should be held applicable to the procedural law concerning search warrants. Thus, the execution of the warrant in the instant case must be viewed as having occurred in the nighttime, as a matter of law (People v. Prisco, supra). It does not follow, however, that the search and seizure were illegal as a matter of course.
If the police had probable cause to arrest the defendants for the commission of a felony and made a lawful entry for that purpose, the search and seizure, without a warrant, may be upheld if they were an incident to the lawful arrest. The probable cause cannot, naturally, be based on evidence obtained as a result of the search, but must have existed in the first instance. The fact is determinable only by a hearing in advance of the trial and “ (h)earsay will be admissible on the issue of probable cause ” (People v. Loria, 10 N Y 2d 368, 373, 374), but if it involves intelligence conveyed by an informer its use by the People will, necessarily, entail abandonment of any privilege of official secrecy that would, otherwise, forbid its exploration by the defendants. “ One may not ‘ fill a gap in his own evidence by recourse to what he suppresses ’ ” (People v. Ramistella, 306 N. Y. 379, 384, quoting, in part, United States v. Coplon, 185 F. 2d 629, 638).
There remains but one other proposition meriting comment.
Upon the argument of this motion the court suggested that perhaps a different rule might be applicable to the search of industrial premises such as are here involved from that of one’s residence and the District Attorney in his memorandum of law has adopted the court’s intimation by suggesting that the constitutional security onlv protects the privacy of the individual *207 in Ms home (see, e.g., “ sanctity of the home ” p. 3; “ different nature of the premises to be searched ” p. 7 and 1st par. on p. 8).
The court’s suggestion upon the argument was an unsound one as is the adoption thereof by the District Attorney for the cases clearly hold that there is no warrant for the constriction of the right of privacy to the “ sanctity of the home ”. (See inter alia, United States v. Lefkowitz, 285 U. S. 452, 464 [office]; Go-Bart Co. v. United States, 282 U. S. 344, 357, 358 [office]; United States v. Blok, 188 F. 2d 1019, 1021 [office desk]; Matter of Phoenix Cereal Beverage Co., 58 F. 2d 953, 956 [brewery plant]; United States v. Di Corvo, 37 F. 2d 124, 132 [barn]; United States v. Martin, 176 F. Supp. 262, 266 [furrier’s loft]; United States v. One Kemper Radio, 8 F. Supp. 304, 306 [store]; People v. Maniscalco, 205 App. Div. 483, 486, 487 [store]; Antoszewski v. State of Ohio, 5 Ohio Opns. 264; 21 Ohio Law Abstract 345 [garage].)
See, also, in this connection the decision of the United States Supreme Court in Lanza v. State of New York (370 U. S. 139, 143, decided June 4, 1962) in which that court said it “ has been far from niggardly in construing the physical scope of Fourth Amendment protection” and that “A business office is a protected area, and so may he a store. ’ ’
The alternative relief requested by the defendants is the vacation of the warrant for want of support thereof in the affidavit pursuant to which it was issued. There being no statutory basis warranting such an application, the alternative relief thus sought must be denied (Matter of Police Benevolent Assn. v. Gagliardi, 9 A D 2d 929, affd. 9 N Y 2d 803, cert, denied 368 U. S. 929).
The court, for the reasons above set forth, directs a hearing solely for the purpose of determining whether the search and seizure were made as an incident to a lawful arrest. If they were not incidental to a lawful arrest, the nighttime execution was not authorized by the warrant, and a suppression order must follow as a matter of law.
The District Attorney is directed to submit an order in accordance with the above and said order shall provide for the hearing to he held at a Criminal Term, Part I of this court before the Justice there presiding. (See Order No. 57 —1962, rule 3, subd. [b] [App. Div., 2d Dept., Aug. 15, 1962], N. Y. L. J., Aug. 22, 1962, p. 4, col. 7.)

 Counsel’s affidavit in support of the motion alleges that according to the United States Weather Bureau, sundown came at 4:48 p.m. The Sullivan affidavit in opposition admits that the entry was made after sunset.