STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JOHN BURRACHIO, A/K/A JOHN BURCH, *ET ALS.*, DEFENDANT-RESPONDENT.

Argued December 18, 1962—Decided February 18, 1963.

Mr. *Morgan E. Thomas,* Assistant Prosecutor of Atlantic County, argued the cause for the appellant (Mr. *Augustine A. Repetto,* Atlantic County Prosecutor, attorney).

Mr. *Edward I. Feinberg* argued the cause for the respondent.

The opinion of the court was delivered by

JACOBS, J. ▇ On application by a member of the New Jersey State Police, a warrant was issued authorizing a search of the building at 6 North Florida Avenue, Atlantic City. The affidavit submitted in support of the application set forth that the affiant had good reason to believe and did believe that bookmaking and a lottery were being conducted at the smoke shop located in the building. It stated that the facts tending to establish the grounds for the application and the probable cause of the affiant's belief consisted of information given to the affiant "to the effect that bookmaking and a lottery are being conducted" in the described premises. Nothing further as to the source of the information, or as to its reliability, or as to any investigation or any corroborating facts appeared in the affidavit. The search made following the issuance of the warrant furnished evidence of gambling paraphernalia. The defendant who was lessee of the premises (see *Jones v. United States*, 362 *U. S.* 257, 265, 80 *S. Ct.* 725, 733, 4 *L. Ed.* 2d 697, 705 (1960)) moved to suppress the evidence on the ground that there was no verified showing of probable cause before the judge who issued the warrant. This motion was granted by the Atlantic County Court and, pursuant to leave, the State appealed to the Appellate Division. We certified while the matter was pending there.

The State does not suggest that the constitutional guaranties afforded by the Fourth Amendment of the Federal Constitution and Article 1, paragraph 7 of the State Constitution do not extend to places of business as well as private homes. See *Go-Bart Importing Co. v. United States*, 282 *U. S.* 344, 357, 51 *S. Ct.* 153, 158, 75 *L. Ed.* 374, 382 (1931); *United States v. Lefkowitz*, 285 *U. S.* 452, 464, 52 *S. Ct.* 420, 423, 76 *L. Ed.* 877, 882 (1932); *State v. Cardinale*, 73 *N. J. Super.* 168, 171 (*Cty. Ct.* 1962); *People v. Malinsky*, 36 *Misc.* 2d 204, 232 *N. Y. S.* 2d 843, 846 (*Sup. Ct.* 1962). Nor does it suggest that the search here may be viewed as having been reasonably incident to a valid arrest. See *United States v. Rabinowitz*, 339 *U. S.* 56, 63,

70 *S. Ct.* 430, 434, 94 *L. Ed.* 653, 659 (1950); *Brinegar v. United States,* 338 *U. S.* 160, 176, 69 *S. Ct.* 1302, 1311, 93 *L. Ed.* 1879, 1891 (1949); *State v. Nash,* 74 *N. J. Super.* 510, 519 (*Cty. Ct.* 1962); *State v. Cardinale, supra,* 73 *N. J. Super., at p.* 173; *cf. People v. Salerno,* 235 *N. Y. S. 2d* 879 (*Sup. Ct.* 1962). The State rests its position entirely on the contention that the affidavit was legally sufficient to sustain the issuance of the warrant. This contention must be rejected for the reasons set forth in today's opinion in *State v. Macri,* 39 *N. J.* 250 (1963).

██ During the course of the proceeding before the Atlantic County Court, Judge Naame gave the State an opportunity to present whatever further proof of probable cause it had to support the issuance of the warrant. If there was such further proof and it was submitted in verified form to the judge at the time of the application, it could be used to supplement the affidavit. See *R. R.* 3 :2A–3; *State v. Macri, supra.* However, the State chose to rely on the affidavit alone. Its brief before us expresses the fear that if it were obliged to support its application with all of the circumstances supporting its claim of probable cause, "it might result in disclosing the identity of secret sources of information or in exposing police methods to the detriment of effective law enforcement." We consider this fear to be unfounded. The State need not disclose all of its evidence but is merely required to make a verified showing of such facts or circumstances as would lead a person of ordinary prudence to believe that the law was being violated. The name of the informant need not be disclosed (*N. J. S.* 2A :84A–28) and the material submitted need not be such as would be admissible at trial or as would be necessary to convict. Hearsay is sufficient so long as it appears trustworthy in nature. See *Jones v. United States, supra,* 362 *U. S.* 257, 80 *S. Ct.* 725, 4 *L. Ed. 2d* 697; *United States v. McCormick,* 309 *F. 2d* 367 (7 *Cir.* 1962); *People v. King,* 140 *Cal. App. 2d* 1, 294 *P. 2d* 972 (1956).

█ The difficulty on the record here is that the issuing judge was never told anything about the underlying nature

or reliability of the information in the officer's possession, or whether it had ever been checked, or whether there had ever been independent investigation or surveillance of any kind. So far as the showing before the judge was concerned the information may well have been based entirely on an anonymous telephone call or on common rumor. While that might support the officer's suspicion, it is not, without more, probable cause for search. If the issuing judge were permitted to grant a warrant on the officer's conclusion alone, as set forth in the affidavit here, then the officer's suspicion rather than the judge's determination would be the controlling factor. That would defeat the very purpose of the constitutional guaranty which was designed to make certain that search warrants would not issue except upon determinations made by neutral judges and based on verified showings of probable cause. Here, as elsewhere throughout the law, it is the courts rather than the police departments which have been entrusted with the ultimate responsibility of protecting our basic constitutional freedoms. See *State v. Macri, supra.*

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.