Frederick L. Strong, J.
The defendant has moved to controvert the search warrant issued in this case on December 20,1962 and to suppress the evidence seized thereunder. After a hearing on the motion, I have concluded that the police officer had probable cause to believe that the defendant was collecting policy bets at 506 West 151st Street, Manhattan, in violation of sections 974 and 975 of the Penal Law of the State of New York and that no sufficient ground was established by the defendant for controverting the warrant.
The defendant, however, urges that the warrant ivas executed after sunset and that, therefore, the evidence seized under it must be suppressed. The officer’s testimony was that he first had the defendant under observation on December 26, 1962, the day of the arrest, at about 3:40 p.m. At that time she was outdoors on the stoop of 506 West 151st Street, Manhattan. After 10 minutes the officer followed her into the hallway but she had disappeared apparently into some apartment. She reappeared in the hallway at about 4:45 p.m., at which time the officer executed the warrant. After a search taking six minutes, they emerged into the street. The officer was unable to testify as to the degree of darkness at that time. The United. States Weather Bureau, located in Central Park, Manhattan, officially recorded sunset on December 26, 1962 as being 4:35 p.m., with the weather clear. Counsel for the People and the defendant agree that other agencies in the city recorded sunset as varying between 4:24 p.m. and 4:35 p.m.
*809 Section 801 of the Code of Criminal Procedure of this State provides that ‘ ‘ the judge * * * may in his discretion insert a direction in the warrant that it may be executed at anytime of the day or night. In the absence of such direction, the warrant may be executed only in the daytime.” No appellate court decisions in this ¡State have been found which interpret this provision. There have, however, been two recent trial court decisions which used the moment of sunset according to the official United States Weather Bureau report as the deadline for the execution of a warrant containing no direction for execution at night. (People v. Prisco, 36 Misc 2d 357, warrant executed 36 minutes after ‘1 sunset ’ ’, and People v. Malinsky, 36 Misc 2d 204, warrant executed over an hour after “ sunset.”) Both of these decisions accepted the definition in section 51 of the General Construction Law that £ £ Night time includes the time from sunset to sunrise ’ ’ as applicable and controlling. It may be noted, however, that the General Construction Law does not specifically define ££ daytime” and that there is no indication as to how the time of ‘ ‘ sunset ” is to be determined.
The Federal statutory provision with respect to the time of execution of search warrants is contained in subdivision (c) of rule 41 of the Rules of Criminal Procedure (U. S. Code, tit. 18) as follows: £ 1 The warrant shall direct that it be served in the daytime, but if the affidavits are positive that the property is on the person or in the place to be searched, the warrant may direct that it be served at any time ”.
The prevailing view of the Federal courts is that ‘ ‘ daytime ’ ’ does not end at the instant of sunset. Thus, Moore v. United States (57 F. 2d 840, 843) held that daytime ££ continued as long as there was sufficient light or reflection from the sun to enable one readily to recognize a man’s features at a reasonable distance ” and that a warrant was timely executed between 13 and 23 minutes after sunset. The same standard was applied in Sasser v. United States (227 F. 2d 358) where the warrant was executed four minutes before sunrise; Atlanta Enterprises v. Crawford (22 F. 2d 834) where the warrant was executed 38 minutes after sunset and Distefano v. United States (58 F. 2d 963), which, however, held that an hour after sunset was too late. There are a number of State court decisions to the same effect. (State v. Cain, 31 S. W. 2d 559 [Mo.]; Linnen v. Banfield, 114 Mich. 93; Deese v. City of Lodi, 21 Cal. App. 2d 631; Trull v. Wilson, 9 Mass. 154; State v. Bancroft, 10 N. H. 105; Petit v. Colmery, 20 Del. 266.)
Another test for £ ‘ daytime ’ ’ applied by a Federal court is whether there is sufficient daylight to read a copy of the warrant *810 (United States v. Woodson, 303 F. 2d 49, warrant executed 19 minutes after sunset). In United States v. Liebrich (55 F. 2d 341, 343) the court held that “ it is daytime for at least thirty minutes after the time when the sun sets, and it is nighttime from then until thirty minutes before the time when the sun rises.” (See, also, to the same effect, Grant v. Hass, 31 Tex. Civ. App. 688.) The only Federal case clearly adopting the sunrise to sunset test for daytime is United States v. Martin (33 F. 2d 639 [1929]).
It may be noted that the time of ‘ ‘ sunset ’ ’ even as recorded by recognized agencies in the same area, varies rather considerably, depending on where and how the observation is made. Apart from ‘1 official ’ ’ recordings, the moment the sun sinks below the horizon also varies substantially to ordinary observers in the same area, depending upon their elevation at the time. The United States Weather Bureau Report does not necessarily establish precisely the time of sunset at the point where the warrant was executed.
It would seem that the legislative intent in requiring a specific direction in the warrant for its execution at night was to protect persons and premises, except in special cases, from being searched during the hours of full darkness and rest. Since Mapp v. Ohio (367 U. S. 643) there has been an increasing tendency both by legislative enactment and by judicial decision to bring State practice with respect to searches and seizures into conformity with Federal procedure. Instead of adopting the hard and fast rule which strikes down a warrant executed after “sunset”, there would appear to be justification for applying in this State the more flexible standard prevailing in the Federal and many State courts.
I conclude that the warrant in this case was timely executed and the ensuing search was legal. The motion to suppress the evidence seized under the warrant is therefore denied.