Edward A. PUGLIESE, Defendant,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6344.

United States Court of Appeals
First Circuit.

April 13, 1965.

Woodbury, Senior Circuit Judge, dissented.

Ronald R. Popeo, with whom James L. Kenney, Boston, Mass., was on brief, for appellant.

Paul L. Normandin, Asst. U. S. Atty., with whom Louis M. Janelle, U. S. Atty., and John D. McCarthy, Asst. U. S. Atty., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Chief Judge.

The defendant was tried and convicted under a multi-count indictment involving the operation of an illegal still. The evidence placed him on the premises shortly

after a raid by Treasury agents. Because his presence was unexplained the government's prima facie case was made out by the presumptions authorized by sections 5601(b) (1) and (2) of Title 26 U.S.C. Unfortunately, for present purposes, instead of imposing sentences to be served concurrently the court imposed a sentence to be served on Count 1, involving the section 5601(b) (1) presumption, and separate sentences on the other counts. We delayed decision of the appeal awaiting final disposition of a similar case in the Supreme Court. The Court has now upheld the constitutionality of section 5601(b) (2), but, because concurrent sentences had been imposed in that case, found it unnecessary to pass on section 5601(b) (1). United States v. Gainey, March 1, 1965, 380 U.S. ——, 85 S.Ct. 754, 13 L.Ed.2d 658. We must therefore decide this question which the Court left open.[1]

Briefly, section 5601(b) (1) permits the jury to find a defendant guilty of "possession or custody or * * * control" of an unregistered still, an offense by virtue of 26 U.S.C. § 5601(a) (1), simply by proof of unexplained presence at the site. Section 5601(b) (2) similarly permits, upon unexplained presence, a finding that the defendant "carries on the business of a distiller * * * without having given bond," an offense under 26 U.S.C. § 5601(a) (4). In the Gainey case below, the Fifth Circuit held both statutory presumptions unconstitutional as placing burdens on the defendant forbidden by the Fifth Amendment because of insufficient rational connection between the mere fact of presence and the inferences or conclusions statutorily presumed. Barrett v. United States, 5 Cir., 1963, 322 F.2d 292. The Supreme Court found no difficulty with the section 5601 (b) (2) presumption, but for a special reason not applicable to the other. It said, "The rationality of the inference

provided by § 5601(b) (2) must be viewed in the context of the broad substantive offense it supports. Section 5601(a) (4) proscribes 'carrying on' the enterprise of illegal distillation—an offense which is one of the most comprehensive of the criminal statutes designed to stop the production and sale of untaxed liquor. [Citation omitted] Those who aid and abet the enterpriser come within the statute's reach by virtue of 18 U.S.C. § 2." United States v. Gainey, 1965, 380 U.S. 63, 67, 85 S.Ct. 754, 757, 13 L.Ed.2d 658.

 While a party could be guilty as a principal under either section 5601(a) (1) or (a) (4) by virtue of aiding and abetting, not every person likely to be present at a still site could be found to be aiding and abetting "possession," section 5601(a) (1), Bozza v. United States, 1947, 330 U.S. 160, 67 S.Ct. 645, 91 L. Ed. 818, even though every such person could be found to be aiding and abetting "carrying on," section 5601(a) (4). We find the discussion in the opinion of Judge Wisdom in · Barrett holding that there is lack of sufficient rational connection between presence and possession entirely satisfying. Accepting that unreversed portion of the decision, it follows that we must set aside the verdict on Count 1 because the charge followed an unconstitutional statute. Accord, United States v. Romano, fn., supra.

The charge, however, was not erroneous as to the other counts. United States v. Gainey, supra. Indeed, the court was more solicitous for the defendant's rights under the Fifth Amendment than the charge which was accepted by the Court in Gainey.

 The defendant's other points need little comment. In the light of United States v. Ventresca, March 1, 1965, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.

---

1. After this opinion had been drafted the Court granted certiorari in United States v. Romano, 2 Cir., 1964, 330 F.2d 566, cert. granted 3/15/65, 85 S.Ct. 1020, as a result of which it will presumably resolve this question at the next term. Since a number of other questions are involved in the present case we do not wish to withhold our decision for another year. It would be more appropriate for the government to obtain an extension of time to petition for certiorari on Count 1, in which event we will stay our mandate with respect to that count.

2d 684, there can be no general criticism of the search warrant. It is true that the warrant did not authorize execution thereof during the nighttime, and that it was served fifteen minutes after sunset. This was contrary to the absolute sunrise-to-sunset standard adopted in United States v. Martin, D.C.Mass., 1929, 33 F.2d 639. We think that darkness is a factual matter, and disapprove of that arbitrary limitation. Sasser v. United States, 5 Cir., 1955, 227 F.2d 358; United States v. Woodson, 6 Cir., 1962, 303 F.2d 49, cert. den. Gant v. United States, 373 U.S. 941, 83 S.Ct. 1548, 10 L.Ed.2d 696.

The defendant's argument that he was deprived of adequate representation by counsel is unsound. He had counsel, and for some reason discharged him. Thereafter, although advised, he did not obtain new counsel until just before trial. If, as does not affirmatively appear, this attorney had insufficient time to prepare, on the record this was due to defendant's own neglect.

The defendant's other points have been considered. Judgment must be entered vacating the judgment and setting aside the verdict on Count 1 and directing further proceedings not inconsistent herewith. The judgment of the District Court is otherwise affirmed.

WOODBURY, Senior Circuit Judge (by designation), (dissenting).

There is, of course, a distinction between possession, custody and control of an unregistered still (§ 5601(a) (1)), and carrying on the business of a distiller without giving bond. (§ 5601(a) (4)). However, insofar as presence at an illicit still is concerned the distinction seems to me minor if not inconsequential. It seems to me that one present at an illicit still may as readily be presumed to be carrying on the business of a distiller as having possession, custody and control of a still. To my mind, presence leads as much to the inference of one activity as to the other. I would affirm on the reasoning of United States v. Gainey, supra.