**Howard Eugene EATON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 26354.**

United States Court of Appeals Fifth Circuit.

April 28, 1969.

Edward T. M. Garland, E. G. Shaffer, Atlanta, Ga., for appellant.

Charles L. Goodson, U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before GEWIN, McGOWAN * and MORGAN, Circuit Judges.

PER CURIAM:

This appeal from a conviction for counterfeiting (18 U.S.C. §§ 471, 472) raises only the issue of the trial court's

* Judge Carl McGowan of the District of Columbia Circuit, sitting by designation.

denial after an evidentiary hearing, of a motion to suppress evidence. The evidence in question consisted of a large stock of counterfeiting supplies, and was seized in a search of appellant's commercial printing establishment pursuant to the authority of a warrant. The affidavit by a Secret Service agent underlying the warrant recited that (1) counterfeit $10 and $20 bills had been passed in Atlanta on May 4, 1967, (2) a reliable informant had stated that appellant was engaged in printing counterfeit bills at the Peachtree Press, (3) an agent had observed appellant working at the Press on the evening of May 9, and (4) on the nights of May 10 and 11, the contents of the trash container in front of the Press were found to contain letters addressed to appellant, letterheads and other papers relating to the Peachtree Press, photographic negatives of $10 and $20 bills, and partially printed impressions of a $10 bill.

Appellant's contention is that the affidavit is deficient because of the allegedly inadequate reference to the informant. In support of this argument, much is sought to be made of the Supreme Court's recent decision in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), where the mere reference to an informer's tip was not regarded as sufficient to make otherwise innocent activities adequate support for the issuance of a warrant. But it was recognized in *Spinelli* that independent police investigation initiated by a tip may develop information which lends authenticity to the tip, see Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), or which is itself adequate to justify the issuance of the warrant. The observations and investigations conducted by the Secret Service agents in this case turned up information far more suggestive of criminality than was true in *Spinelli*. Thus, whether the affidavit is appraised with or without the giving of any weight to the recital of the tip, it sets forth facts fully justifying the issuance of the warrant.

Affirmed.