UNITED STATES of America,
Plaintiff-Appellee,

v.

Angel Alfredo VIGO, Defendant-
Appellant.

No. 26882.

United States Court of Appeals
Fifth Circuit.

June 19, 1969.

Charles H. Snowden, Snowden & Willis, Harry Willis, Miami, Fla., Judith A. Brechner, Miami Beach, Fla., for appellant.

William A. Meadows, Jr., U. S. Atty., Michael J. Osman, Theodore Klein, Asst. U. S. Attys., Miami, Fla., for appellee.

Before WISDOM and DYER, Circuit Judges, and KRENTZMAN, District Judge.

KRENTZMAN, District Judge:

■ Vigo appeals his jury trial conviction for violations of 26 U.S.C.A. § 4704(a) and 21 U.S.C.A. § 174. We have considered each of the four points raised as error, and feel that only the question relating to the sufficiency of the search warrant affidavit merits extended discussion. For reasons that follow we affirm.

I. *The Sufficiency of the Affidavit*

The appellant contends that probable cause was lacking in the affidavit presented to the U.S. Commissioner. He relies primarily upon the recent decision of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The affidavit in question specifically overcomes the prime defects set out in the "Spinelli" affidavit. In particular the Supreme Court in that case was concerned with the conclusion of the informant's reliability and the allegations regarding surveillance offered in corroboration of the tip.

■ In *Spinelli* the affidavit merely recited that a "reliable informant" informed the F.B.I. that the defendant was carrying out proscribed bookmaking activity. No basis was set forth in the affidavit in support of the conclusion of reliability of the informer. The Court re-emphasized the position taken in Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) regarding the assertion of reliability. The mere statement that the informer is reliable is insufficient to afford the magistrate with a basis for finding probable cause. There must be some reason set forth in the affidavit whereby the magistrate can find support for the conclusion. In the present case this requirement has been met. The affidavit goes beyond a mere recital of reliability in stating:

"The affiant in this instance has been provided with information from an informant who *has proven to be reliable in the past on several occasions in his utilization as an informant for the Federal Bureau of Narcotics.*" (Emphasis added)

■ This factual statement of past reliability provides sufficient basis for the magistrate to independently gauge the reliability of the informer. In this respect the affidavit meets the requirements of *Aquilar* and *Spinelli*, cited supra.

Aside from the issue of reliability of the informant in this case, it is significant that several of the transactions recited in the affidavit were carried out under surveillance by the Federal Bureau of Narcotics. The middleman, Bustamente, was observed going to the premises described in the affidavit after negotiations with the informant. On two occasions Bustamente proceeded immediately to the described premises after receiving requests for narcotics from the informer. Each time he was observed entering and then leaving 10-20 minutes later. On one occasion he returned immediately and advised the informer of the quality of the narcotics available from his connection and advised him that the connection had just received a supply of heroin that was being "cut up".

Other surveillance of the premises indicated that similar short visits were made by "known narcotic traffickers" or "well known narcotic traffickers". While the Court in *Spinelli* discredited a similar recital as being a "flat statement" or "simple assertion of police suspicion" we believe that in specifically naming these individuals the affidavit adds some information upon which the magistrate can independently evaluate the statements. The affidavit also refers to the appellant. Vigo, as being on record as a narcotic trafficker. This characterization by itself might also be viewed as mere suspicion, but here the basis of the statement is also set forth. The affidavit states that the Bureau of Narcotics had a record on Vigo with information dating back to 1962.

We do not find that the observations and surveillance of the Federal Bureau of Narcotics standing alone has furnished sufficient information for the issuance of the warrant; See Eaton v. United States, 5 Cir., 1968, 409 F.2d 1355 but do hold that in reading this affidavit in a common sense and realistic manner such observations lend authenticity to the account given by the informer. Considering the affidavit in its entirety we hold that the information related by the informer substantiated by the underlying circumstances of past reliability and the additional supporting information gathered from surveillance clearly established probable cause for the issuance of the search warrant.

## II. *The Warrant Was Duly Executed*

The search warrant in this cause was a "daytime warrant," that is to say that its validity required it be served in the daytime. Counsel for the appellant, relying on the authority of United States v. Merritt, 293 F.2d 742 (3 Cir. 1961), sought to suppress evidence obtained during the search on the ground that the warrant was not served in the daytime. For this purpose he sought to introduce United States Weather Bureau data which established the official time of sunrise for the day of the search at 6:14 A. M. Testimony of two government witnesses stated that the warrant was served at 6:15 A. M. The testimony also contains a discrepancy wherein appellant contends that the sunrise data should have been admitted. In particular, one witness testified that the law enforcement officials had been at the premises for approximately one-half hour before the narcotics were found. Undisputed testimony fixes the time of the discovery at 6:30 A. M. Appellant contends that under these facts the warrant was served prior to daytime, i.e. at approximately 6:00 A. M.

 The trial judge considered all of the testimony on this issue after the close of the government's case and denied the proffer made by the appellant. Implicit in his denial of the proffer is the finding that the warrant was served after the time of the official sunrise. His factual determination of this issue is not subject to change by this Court in the absence of a showing that such a finding is clearly erroneous or an obvious mistake. Furthermore, we need not rest our decision solely on this ground. It is well settled in this Circuit that in respect to search warrants the term "daytime" is not limited strictly to the time between sunrise and sunset. Sasser v. United States, 227 F.2d 358, 359 (5 Cir. 1955); Distefano v. United States, 58 F.2d 963 (5 Cir. 1932); Moore v. United States, 57 F.2d 840 (5 Cir. 1932); See also: Pugliese v. United States, 343 F.2d 837 (1 Cir. 1965); United States v. Gosser, 339 F.2d 102 (6 Cir. 1964). Cf. United States v. Martin, 33 F.2d 639 (D.C.Mass.1929).

It appears that counsel and the lower court were primarily concerned with the time of "actual or official sunrise" in the case sub judice. For this reason there is little evidence on the point of whether or not the warrant was executed in the "daytime" as is defined by the above cases. There is testimony that, at the time of the arrival at the house, it was not dark[1]. The warrant stands cloaked with a presumption of validity both in the court below and on this appeal. The appellant had the burden of proof in challenging the validity of its execution or service. In discharging this burden much effort was expended in argument to the effect that the warrant was served prior to the time of official sunrise. Even assuming such to be true, such evidence alone falls short of the mark. In the absence of any evidence offered in connection with the requirements of the cases previously cited, there was no error in refusing the admission into evidence of the Weather Bureau data.

1. Transcript of Proceedings, page 96.

III. *Scope of the Government's Cross Examination and Closing Argument.*

 In reviewing the transcript of the proceedings we do not find the remarks of the prosecutor to be of such a nature as to warrant reversal. Wide discretion is allowed in cases where the accused takes the stand. In such cases he is treated like any other witness for the purposes of cross examination. Furthermore, the examination here was directly related to the offense charged. The statements made in closing argument regarding narcotics offenders generally were clearly allowable in rebuttal to the appellant's statements that brought attention to his physical infirmity and the generosity and affection of his father. There was no abuse of discretion in allowing such questioning and argument.

The judgment of the District Court is affirmed.