650 F.2d 537
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne ROBINSON, a/k/a Eddie Davis, a/k/a Percy Jones, a/k/a
Percy Maurice Jones, Defendant-Appellant.
 No. 80-7007.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 March 25, 1981.
On Petition for Rehearing July 16, 1981.
 Peter F. Burns, (Court appointed), Mobile, Ala., for defendant-appellant.
 W. A. Kimbrough, Jr., U. S. Atty., E. T. Rolison, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before THOMAS A. CLARK and KRAVITCH, Circuit Judges, and LYNNE,* District Judge.
 LYNNE, District Judge:
 The clean cut question presented by this appeal is whether the district court erred in overruling appellant's motion to suppress evidence obtained as an incident to his arrest. We hold that it did and reverse.
 Certain dispositive facts were developed by the evidence adduced upon the hearing conducted by the court out of the presence of the jury. For the purpose of this opinion they may be severely capsulated.
 Sometime prior to January 13, 1977, appellant, a man of many aliases, was arrested in the City of Mobile, Alabama, for shoplifting in violation of a municipal ordinance. For his failure to appear in the municipal court to answer such charge, writs of attachment[1] were issued by a judge of such court on January 13, 1977, and on January 20, 1977, respectively, which were outstanding as of April 16, 1977.
 On the night of April 16, 1977, police officer, James Mayo, while on patrol, observed appellant and his companion, Frank Cole,[2] seated in an automobile parked in an alley between two streets. He recognized appellant, was aware of the facts underlying the shoplifting charge, and knew there was an outstanding attachment for his arrest on such charge.
 By radio he directed officer Bailey to drive down the alley, lined with buildings on either side, to the front of appellant's car when he positioned his vehicle to its immediate rear. Appellant and his companion jumped out of their car, whose movement was thus blocked. His companion was observed to have in his possession a sawed-off shotgun which he threw back into the car when confronted by the officers.
 Neither officer had a writ for the arrest of appellant at this time nor had any offense been committed in their presence before they effectively blocked the movement of appellant's automobile. The strategy conceived by Mayo in the deployment of the police cars was for the avowed purpose of arresting appellant, which purpose he communicated to Bailey.
 Twin critical questions arise under the foregoing facts: whether there was an arrest and, if so, whether it was lawful under Alabama law. The first is a short horse soon curried. Under the teaching of Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960), an arrest occurred when appellant's liberty of movement by car or foot was restricted for the purpose of executing the writ of attachment.
 The second requires fuller treatment. Our research has revealed no authority, either in Alabama statutory or case law, for the issuance of a writ of body attachment when an accused fails to appear for trial. The customary practice appears to be the issuance of an alias warrant under such circumstances. Be that as it may, for the purpose of this opinion we assimilate the writ of attachment to a warrant of arrest[3] for petty larceny, a misdemeanor.
 To determine the legality of an arrest for a misdemeanor without a warrant, the starting point is Code of Alabama (1975) § 15-10-3, providing, as here pertinent:
 An officer may arrest any person without a warrant, on any day and at any time, for:
 (1) any public offense committed or a breach of the peace threatened in his presence;
 It is to be observed that the statute does not interpolate after the word "warrant" the phrase (in his possession). Thereby hangs the tale of this case. Contending that the absence of such phrase is significant, appellee argues that the existence of an outstanding warrant, of which an officer has actual knowledge, legitimates the arrest of the misdemeanant named therein,[4] although the offense was not committed in his presence and such warrant was not in his possession at the time he made the arrest. We cannot agree.
 A codification of the common law rule, it would seem to be implicit in the statutory authorization that the officer must have in his possession the warrant for a misdemeanor arrest for the purpose of exhibiting it to the arrestee. That is the unequivocal import of the following statement of the Supreme Court of Alabama in Adams v. State, 175 Ala. 8, 57 So. 591 (1912):
 It may be conceded that the arrest in question, the defendant having been charged only with a misdemeanor not committed within the presence of the officer, could only have been lawfully made under a warrant (Section 6269 of the Code of 1907). (emphasis added)
 Thereafter, the court went on to hold precisely:
 Where two officers are acting together, the possession of the warrant by one is sufficient justification for both. 57 So. 592.
 We conclude that appellant's arrest was in violation of state law, and that all evidence obtained as a result of such arrest should have been suppressed.
 REVERSED AND REMANDED.
 ON PETITION FOR REHEARING
 Before KRAVITCH and THOMAS A. CLARK, Circuit Judges, and LYNNE*, District Judge.
 PER CURIAM:
 
 
 1
 The Petition for Rehearing is DENIED.
 
 
 2
 We did not overlook the reasonable, good faith rule announced in United States v. Williams, 622 F.2d 830, 846 (5th Cir. 1980). Neither in the court below nor in briefs or oral arguments here did appellee urge that the conduct of officers Mayo and Bailey leading to the discovery of the sawed-off shotgun, which we have held to have been unauthorized, was yet taken in a reasonable, good-faith belief that it was proper. As a general rule, we do not consider matters on appeal which were not raised or considered in the court below. McKissick v. United States, 379 F.2d 754, 759 (5th Cir. 1967). We perceive no reason to carve out an exception in this case.
 
 
 
 *
 District Judge of the Northern District of Alabama, sitting by designation
 
 
 [1]
 Such writs of attachment, identical except for dates and the signature of the issuing judge, read as follows:
 State of Alabama
 City of Mobile
 TO ANY LAW ENFORCEMENT OFFICER OF SAID CITY OR STATE
 YOU ARE HEREBY COMMANDED to attach the body of Eddy Davis AKA Percy Jones, if to be found in your jurisdiction and bring him before the Judge of the Municipal Court of the City of Mobile, at the place of holding said Court on the 17 day of Feb., 1977, at the hour of 8:00 then and there to testify and the truth to say in a certain case pending, wherein the City of Mobile is plaintiff, and same is defendant.
 Herein fail not, and have you then and there this writ.
 IN WITNESS WHEREOF, I have hereto set my hand and seal this 20 day of Jan., 1977
 (L.S.)
 Judge of the Municipal Court
 City of Mobile, Alabama
 
 
 [2]
 Frank Cole was subsequently convicted on his plea of guilty to an indictment charging violations of 26 U.S.C. §§ 5861(d) and 5871
 
 
 [3]
 Code of Alabama (1975) § 12-14-31(a) provides in pertinent part: "a municipal judge shall have power to issue writs and other process ," while Section 12-14-4 provides for execution by law enforcement officers of the municipalities of the warrants and processes committed to them for service
 
 
 [4]
 The following dictum in Rhodes v. McWilson, 16 Ala.App. 315, 77 So. 465 (1918), has a common sense appeal:
 Furthermore, after a charge is made before the proper authority, the entire police force of the city may act thereunder and arrest the offender wherever he may be found. The clear purpose of the authority granted to the city is to do away with the necessity of each officer having a warrant in his possession.
 The foregoing dictum must be refined by reference to the teaching of the Supreme Court of Alabama in Childers v. State, 156 Ala. 96, 47 So. 70 (1908):
 Section 25 of the charter of Bessemer (Loc. Laws 1900-01, pp. 444-462), authorized and empowered the municipality by ordinance to empower the police officers of the city "to make arrests either with or without warrant." In pursuance of this power conferred by the charter an ordinance was duly passed authorizing the police officers to make arrests without warrant. There is no conflict between this provision of the charter as to making arrests and the general statute (section 5211 of Code of 1896). The general statute authorizes arrests without warrant in case of felony, though not committed in the presence of the officer. By the charter provision in question the Legislature merely extended the authority of making arrests by police officers within the police jurisdiction of the municipality to cases of misdemeanor, and this we think the Legislature had the unquestioned right to do.
 The City of Mobile has not passed such an ordinance. As a court, we cannot supply one in this case.
 
 
 *
 District Judge of the Northern District of Alabama, sitting by designation