Bernard Talley was convicted of escape from the custody of a police officer under Code 1975, § 13A-10-33. The Court of Criminal Appeals, 479 So.2d 1300 (1985), affirmed the conviction. We granted Talley's petition for a writ of certiorari to decide whether the officers who arrested Talley in fact had the authority to do so. We hold that the arrest was illegal because the officers did not possess a warrant. We, therefore, reverse.
The facts of the case are as follows:
On March 3, 1982, Montgomery police officer Stephen Eiland went to Talley's sister's residence with two other officers in order to arrest Talley for three unpaid misdemeanor fines. None of the officers had a warrant with them at the time of the arrest. Testimony indicated that Talley was also wanted for questioning in reference to a burglary.
Talley was found at his sister's residence, and the officers attempted to place him under arrest. Talley escaped from their custody, however, and was not captured until a later date. He was then tried and convicted of escape from custody, the conviction from which this appeal arises.
The testimony at Talley's trial showed that at the time of his arrest, there were three unpaid fines outstanding against Talley in the Municipal Court of Montgomery. Talley had been convicted on two charges of discharging a firearm within the city limits, for which he was fined $25.00 plus costs on each case. Additionally, he had been convicted of concealing his identity, for which he was also fined $25.00 plus costs. These were misdemeanor convictions.
The court administrator for the City of Montgomery testified as to the processing of warrants for such convictions:
 Q. Now, if you would, would you tell us what source documents are?
 A. The source document is the original court record of the arrest. It is not the *Page 1306 
original arrest warrant. It is the document or the docket sheet or the traffic citation which shows that the Defendant failed to appear in Court or that he was fined and failed to pay all or part of his fine. The source document is what we use to issue the capias warrant on verification of cause and grounds to issue capias warrant or second arrest writ. [Emphasis added.]
The administrator testified further that a capias warrant is an arrest warrant issued against a defendant who fails to appear in court or fails to pay a fine. She stated that in March 1982 source documents were in existence for Talley's three misdemeanors. There was a dispute in the evidence, however, as to whether there were actually capias warrants issued against Talley at the time of his arrest. The administrator testified as follows:
 Q. In fact, are there capias warrants fully typed up on all 25,000 source documents?
 A. No. . . . I was hired as Court Administrator two years ago, and we recognized the capias files . . . and it will be a long term and a long time getting this volume of court capiases filed . . .
 Q. . . . why that the capias is not typed up on all 25,000 source documents that you have presently got right now?
A. We do not have the manpower to do that instantly.
 Q. Would you please tell us how it is that Officer Eiland would have found out that Bernard Talley had an outstanding capias against him?
A. I cannot testify as to what Officer Eiland did.
 Q. But back in '82, am I assuming you did not tell them for "x, y and z"?
 A. We started typing in the summer of 1982, and two years later we're not quite through with the entire alphabet.
As Talley points out, this testimony indicates that in March of 1982, when he was arrested, the administrator's office had not even begun typing the capias warrants from the source documents.
On the other hand, Officer Eiland testified that on March 3, 1982, he found three capias warrants outstanding on Talley at the clerk's office. Eiland stated that it was upon discovering the warrants that he and two uniformed officers set out to arrest Talley. This is when the escape occurred.
Talley argues that the evidence shows that a warrant for his arrest was not even in existence on March 3, 1982, and alternatively, if it did exist, that the officers did not have the warrant with them at the time of the arrest. Since the arrest was pursuant to three misdemeanors, the arrest would be valid only with a warrant, unless the officers had witnessed the misdemeanor. Adams v. State, 175 Ala. 8, 57 So. 591 (1912).
The state takes the position that in order to make a valid arrest for a misdemeanor which was not witnessed by the officer, a warrant must exist, but need not be in the officer's physical possession at the time of the arrest.
We agree with Talley's second argument. For an arrest to be valid on a misdemeanor offense which was not witnessed by the arresting officer, the officer must have an arrest warrant in his possession at the time of arrest. Having reached this holding, we need not address whether a warrant was actually in existence.
The circumstances under which an arrest is allowed without a warrant are codified as follows:
 § 15-10-3. Arrest without warrant — When and for what allowed.
 An officer may arrest any person without a warrant, on any day and at any time, for:
 (1) Any public offense committed or a breach of the peace threatened in his presence;
 (2) When a felony has been committed, though not in his presence, by the person arrested;
 (3) When a felony has been committed and he has reasonable cause to believe that the person arrested committed it; *Page 1307 
 (4) When he has reasonable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not in fact been committed; or
 (5) On a charge made, upon reasonable cause, that the person arrested has committed a felony.
Code 1975, § 15-10-3. (emphasis added). Under this statute, a warrant is required to effect an arrest on a misdemeanor not witnessed by the police officer. The statute, however, does not mention whether the warrant has to be in the arresting officer's possession.
In Adams v. State, 175 Ala. 8, 57 So. 591 (1912), the Court interpreted Code 1907, § 6269, the precursor of § 15-10-3, to require that the arresting officer actually have the warrant in his possession. The Court stated this:
 It may be conceded that the arrest in question, the defendant having been charged only with a misdemeanor not committed within the presence of the officer, could only have been lawfully made under a warrant (section 6269 of the Code of 1907). . . . Where two officers are acting together, the possession of the warrant by one is sufficient justification for both. People v. Durfee, 62 Mich. 487, 29 N.W. 109. [Emphasis added.]
175 Ala. 11, 57 So. 592. It is a clear inference from the emphasized sentence above that an arresting officer must have the warrant in his possession at the time of the arrest in a misdemeanor case.
In United States v. Robinson, 650 F.2d 537 (5th Cir. 1981), Judge Lynne, sitting by designation on the Circuit Court of Appeals, construed § 15-10-3 together with Adams, supra, and held that the arresting officer must have the misdemeanor warrant in his possession to effect a lawful arrest. The opinion states as follows:
 A codification of the common law rule, it would seem to be implicit in the statutory authorization that the officer must have in his possession the warrant for a misdemeanor arrest for the purpose of exhibiting it to the arrestee.
650 F.2d at 539. Although we are not bound by this federal court interpretation of Alabama law, we nevertheless agree with the holding.
The state would have us adopt a new rule abandoning the requirement that a police officer actually possess the warrant when making a misdemeanor arrest. In light of the language of §15-10-3 and Adams and Robinson, supra, we see no reason to change a long existing and just principle of law. For these reasons, the judgment of the Court of Criminal Appeals is hereby reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON and BEATTY, JJ., concur.