El Paso Brownlee was convicted for the offense of possession of marijuana for personal use and sentenced to six months' confinement in the county jail.
The evidence shows that the defendant was initially arrested on an outstanding 1983 writ of arrest for failure to pay the fine on a misdemeanor traffic violation for driving while his license had been suspended. The marijuana was discovered while he was being "booked" at the police station on that offense. The defendant contends that he was illegally arrested because he was not shown the writ of arrest before he was taken into custody. "For an arrest to be valid on a misdemeanor offense which was not witnessed by the arresting officer, the officer must have an arrest warrant in his possession at the time of arrest." Ex parte Talley,479 So.2d 1305, 1306 (Ala. 1985).
The evidence shows that the booking desk officer, Sandra Stimpson, gave the outstanding writ of arrest to another officer, whom she did not remember, to deliver to the arresting officer. Approximately one hour later, the arresting officer brought the defendant, along with the writ of arrest, to the booking desk. The arresting officer did not remember the arrest and there was no evidence of when he actually received the writ of arrest. Although the existence of the writ is undisputed, the writ itself could not be located after it apparently had been "misfiled" at the police station.
With regard to search warrants, the general rule is that the defendant has the burden of proof in challenging the validity of the execution or service of the search warrant.United States v. Marx, 635 F.2d 436, 441 (5th Cir. 1981). "The warrant stands cloaked with a presumption of validity both in the court below and on this appeal. The appellant had the burden of proof in challenging the validity of its execution or service." United States v. Vigo,413 F.2d 691, 693 (5th Cir. 1969). If the *Page 218 
search is without a warrant, a contrary rule applies and the burden of proof is on the prosecution. United States v.Longmire, 761 F.2d 411, 416 (7th Cir. 1985); 4 W. LaFave, Search and Seizure § 11.2(b) at p. 218 (2d ed. 1987). We think these same rules should apply to the subject of arrest as well as search and seizure.
Here, as in Vigo, 413 F.2d at 693, "much effort was expended in argument to the effect" that the writ of arrest was not served on the defendant when he was taken into custody. However, while the State could not prove that the writ was duly executed, the defendant did not testify and there was never any evidence offered that the writ was not properly served on the defendant. In the absence of such evidence, the defendant did not sustain his burden of proof and the trial judge did not err in denying the defendant's motion to dismiss.
The judgment of conviction is affirmed.
AFFIRMED.
All Judges concur.