535 So.2d 218 (1988)
Ex parte El Paso BROWNLEE.
(Re: El Paso Brownlee v. State of Alabama).
87-737.
Supreme Court of Alabama.
September 16, 1988.
Michael C. Cornwell, Tuscaloosa, for petitioner.
*219 Don Siegelman, Atty. Gen., and Kenneth S. Nunnelley, Asst. Atty. Gen., for respondent.
PER CURIAM.
El Paso Brownlee was arrested on November 13, 1985, in Tuscaloosa on a writ of arrest issued for his failure to pay a fine on an earlier misdemeanor charge of driving while his license was revoked. At the police department, a small quantity of marijuana was found in Brownlee's possession, and he was subsequently charged with unlawful possession of marijuana under Ala. Code 1975, § 20-2-70. Brownlee moved to suppress evidence of the marijuana on grounds that the arrest writ on the misdemeanor charge was not in the possession of the police officer at the time of his arrest, as required by Ala.Code 1975, § 15-10-3.
The arresting officer testified that he did not remember either the arrest or Brownlee, and no evidence was presented to show if and when the arresting officer actually received the writ. The writ itself could not be located, after it had been "misfiled" at the police department, and the desk officer on duty the night Brownlee was arrested testified only that she gave the writ to a third officer to deliver to the arresting officer and had no way of knowing when the arresting officer received the writ. Testimony indicated that the writ could have been delivered to the officer as he approached the police station with Brownlee already in custody.
The motion to suppress was denied, and Brownlee was sentenced to six months in the Tuscaloosa County jail for possession of marijuana. His conviction was upheld by the Court of Criminal Appeals. Brownlee v. State, 535 So.2d 217 (Ala.Cr.App. 1988). The issue for review is whether the State bears the burden of proving the existence of a valid writ of arrest at the time and place of Brownlee's arrest, and, if so, whether the trial court erred in denying the motion to suppress the evidence of marijuana found in Brownlee's possession.
For an arrest to be valid on a misdemeanor offense not witnessed by the arresting officer, the officer must have the arrest warrant in his possession at the time of arrest. Ex parte Talley, 479 So.2d 1305 (Ala.1985). See, also, Ex parte Edwards, 452 So.2d 503 (Ala.1983). Thus, when a police officer arrests without a warrant, and the defendant objects to the introduction of evidence seized as an incident to the arrest, "the burden is on the State to show that the arrest was lawful" pursuant to § 15-10-3. Duncan v. State, 278 Ala. 145, 161, 176 So.2d 840, 855 (1965).
Drawing upon cases construing the burden of proof placed upon a defendant challenging the validity of the execution or service of a search warrant, the Court of Criminal Appeals concludes that just as a search warrant is cloaked with a "presumption of validity," the same rule should apply to an arrest. Brownlee v. State, supra. It is settled, however, that where a defendant properly objects to testimony pertaining to a search and the admission into evidence of the "fruits" of that search on the ground that there was no search warrant, the objection places upon the State the burden of showing either a warrant or one of the exceptions to the requirement of a warrant. Ex parte Paschal, 365 So.2d 681 (Ala.1978).
Brownlee disputes the existence and execution of the writ and its being given to the booking officer on the night of his arrest. By properly raising this objection to the admission of the marijuana as evidence, Brownlee shifted to the State the burden to show that the seizure of the marijuana was lawful; in other words, the State has the burden of showing that the seizure was the product of an arrest by an officer with actual possession of the misdemeanor writ. Duncan v. State, supra; and Ex parte Paschal, supra.
In light of testimony from the arresting officer that he could not remember Brownlee's arrest, Brownlee himself, or whether he possessed the writ at the time of the arrest, and testimony from the booking officer that the writ could have been delivered to the arresting officer after Brownlee was taken into custody, the State failed to meet its burden of proving the existence of *220 a valid writ at the time and place of Brownlee's arrest. Therefore, the trial court erred in denying the motion to suppress the evidence of marijuana found in Brownlee's possession incident to the arrest.
REVERSED AND REMANDED.
JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
I must respectfully dissent. I believe that the majority has incorrectly placed the burden of proving or disproving that the seizure was the product of an arrest by an officer with a warrant. The State should not have to bear the burden of proving the existence of a valid writ at the time and place of arrest merely because the defendant raises an objection to the arrest. The defendant should have the burden of producing evidence of the warrant's nonexistence before the State is required to bring forth evidence of the warrant's existence. In Rogers v. United States, 330 F.2d 535 (5th Cir.), cert. denied, 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186 (1964), the Fifth Circuit Court of Appeals said:
"There is one final question. The defendant maintains that he was unfairly prejudiced by being saddled with the burden of proof during his hearing on his motion to suppress evidence. During the hearing the judge stated it was his opinion that defendant, as the moving party, bore the burden of proof. At the end of the hearing, the district judge stated that he was willing to withdraw his opinion on burden of proof, and, giving the defendant the benefit of the doubt, he still ruled against the motion to suppress. We see no reversible error.
"As is true in so many other situations, the burdens of persuasion and of producing evidence in motions for the suppression of evidence have been badly confused. The burden of persuasion is properly and permanently placed upon the shoulders of the moving party. When a criminal defendant claims the right to protection under an exclusionary rule of evidence, it is his task to prove his case. Nardone v. United States, 1939, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307; Joseph v. United States, 5 Cir.1957, 239 F.2d 524; Wilson v. United States, 10 Cir.1955, 218 F.2d 754; United States v. Walker, supra [2 Cir.1949, 176 F.2d 564]; United States v. Okawa, D.C.Haw.1961, 26 F.R.D. 384. In the areas of coerced confessions and illegal searches and seizures this rule is reinforced by the usual presumption of proper police conduct. 1 Wharton's Criminal Evidence 238 (1955); 22A C.J.S. Criminal Law § 589(1), p. 355.
"The moving party must also bear the burden of producing evidence. If the essential evidence is not brought to light the motion must fail. It is true, however, that in asserting an illegal arrest the defendant must satisfy this burden by showing that the arrest was made without a warrant. While an arrest pursuant to a warrant is prima facie evidence of probable cause, Chin Kay v. United States, 9 Cir.1962, 311 F.2d 317, 321; Batten v. United States, 5 Cir.1951, 188 F.2d 75, 77, the prosecutor should be forced to come forward with evidence of probable cause in the absence of a warrant. Plazola v. United States, 9 Cir. 1961, 291 F.2d 56, 58; Wrightson v. United States, 1951, 95 U.S.App.D.C. 390, 222 F.2d 556. Without such a rule there would be little reason for law enforcement agencies to bother with the formality of a warrant. Furthermore, the evidence comprising probable cause is particularly within the knowledge and control of the arresting agencies."
330 F.2d at 542-43.
The Court of Criminal Appeals found that there was a warrant in this case and that there was no evidence offered by the defendant that the warrant was not properly served upon him. In addition to these facts, there is the presumption that public officials are presumed to perform their duties. Harris v. State, 257 Ala. 3, 5, 60 So.2d 266, 267 (1951).
I do not think that a mere objection by the defendant should be enough to shift the *221 burden to the State on the question of a warrant's existence. The defendant, as the moving party, should be required to produce sufficient evidence that the warrant was not properly served upon him at the time and place of his arrest before the burden of proving the warrant's existence is placed upon the State. Therefore, I must dissent.