The appellee, Zippora Dione Williams, was indicted for unlawful possession of a controlled substance, in violation of § 13A-12-212, Ala. Code 1975. She filed a motion to suppress evidence that, she says, was illegally seized; she contends that there was a lack of probable cause for the issuance of the search warrant that yielded the evidence because, she says, the supporting affidavit contained false statements. After a hearing, on May 11, 2007, the trial court entered an order granting her motion to suppress the evidence.
At the suppression hearing, Detective S.J. Edwards of the Montgomery Police Department testified that he was assigned to be the evidence officer for the search of an address on Narrow Lane Road in Montgomery. The search warrant was based on information from a confidential informant who had spoken to Detective Brad Bartlett, the original case agent, who had since left the police department. Detective Edwards did not personally know the informant other than the information contained in the affidavit. The informant's affidavit alleged that Williams was selling drugs, that the informant had been to the address on Narrow Lane Road more than once, and that the informant had seen a man named Duran there, whom he had previously seen selling drugs at another location. On redirect examination, Detective Edwards testified that, in his experience, search warrants were usually granted based on information from reliable informants. *Page 457 
Neither Detective Bartlett nor the confidential informant testified at the hearing. Defense counsel told the Court that he assumed the informant would be there for the hearing and that he had not been given any information in order to subpoena him. He further said that Williams contends "the [informant] is lying, that [Williams] has never sold drugs to anyone, that she does not know a guy named Duran. . . ."
In its order suppressing the evidence, the trial court held that Detective Edwards's testimony fell "well short of establishing probable cause" for the search warrant because the informant was unfamiliar to him and further that the information set out in the affidavit for the search warrant was essentially uncorroborated and based on the informant's hearsay. The court's order stated:
 "There is nothing in the record to establish the informant's reliability or veracity. Nor is there evidence of any independent police work designed to corroborate the informant's allegations prior to seeking the warrant. See Illinois v. Gates, 462 U.S. 213 (1983); Aguilar v. Texas, 378 U.S. 108 (1964)."
The State argues that the trial court erred in granting Williams's motion to suppress because the affidavit in support of the search warrant was facially valid, Williams did not present any evidence to support her challenge to the affidavit, and the confidential information had been proven reliable.
Previously, we have held that "`"where a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical rather than common sense manner, and should resolve doubtful or marginal cases according to the preference to be accorded to warrants."'" Moore v. State, 650 So.2d 958, 965
(Ala.Crim.App. 1994), quoting Poole v. State,596 So.2d 632, 641 (Ala.Crim.App. 1992).
Here, C. Michael McInnish, municipal court judge, was presented with an affidavit from Detective Bartlett dated December 20, 2006, stating that in the month of December 2006, "a confidential and reliable source had observed a large quantity of cocaine inside the residence of ___ Narrow Lane Road, Montgomery, Alabama." The same confidential source observed Williams sell a quantity of cocaine from the same residence in the month of December. The same confidential source saw a black male named Duran leave the same residence with a large quantity of cocaine, travel to a convenience store, and sell the cocaine. This observation occurred within 72 hours of the issuance of the search warrant. Detective Bartlett further stated that "the confidential source has been proven reliable and provided substantial information in the past."
Williams contends that the affidavit did not provide sufficient information to prove the informant was credible or to prove the basis of his knowledge. In Illinois v. Gates,462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court established the "totality of the circumstances" test to evaluate whether information provided by a confidential informant supplied probable cause. In analyzing the informant's tip, the courts not only look at the veracity, the reliability, and the basis of the informant's knowledge, but also recognize "the value of corroboration of details of an informant's tip by independent police work." Gates, 462 U.S. at 241,103 S.Ct. 2317.
 "`In determining whether to issue a search warrant, the issuing magistrate is to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of *Page 458 
knowledge of the person supplying the information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"
Loggins v. State, 771 So.2d 1070, 1080
(Ala.Crim.App. 1999), aff'd, 771 So.2d 1093 (Ala. 2000), quotingMarks v. State, 575 So.2d 611, 614-15
(Ala.Crim.App. 1990).
In Smith v. State, 588 So.2d 561 (Ala.Crim.App. 1991), this Court held:
 "`With regard to search warrants, the general rule is that the defendant has the burden of proof in challenging the validity of the execution of the search warrant. United States v. Marx, 635 F.2d 436, 441 (5th Cir. 1981). "The warrant stands cloaked with the presumption of validity both in the court below and on this appeal. The appellant had the burden of proof in challenging the validity of its execution or service." United States v. Vigo, 413 F.2d 691, 693 (5th Cir. 1969).'"
588 So.2d at 577, quoting Brownlee v. State,535 So.2d 217 (Ala.Crim.App.), rev'd on other grounds, 535 So.2d 218
(Ala. 1988). The defendant bears the burden of proving perjury or reckless disregard for the truth by a preponderance of the evidence. Franks v. Delaware, 438 U.S. 154, 171,98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).
In Franks v. State, 615 So.2d 1271, 1274
(Ala.Crim.App. 1992), we held:
 "We agree with the reasoning of Professor LaFave and those courts which have addressed the precise issue that `"a defendant may not challenge the truth of hearsay evidence reported by an affiant," but only "any statements based on the affiant's personal knowledge, including his representations concerning the informer's reliability" and "his representation that the hearsay statements were actually made."' 2 W. LaFave[, Search and Seizure § 4.4(b)] at 191 [(2d ed. 1987)] (quoting United States v. Carmichael, 489 F.2d 983, 989 (7th Cir. 1973))."
Because Williams made no showing either that Detective Bartlett's statements were false or that Detective Bartlett did not reasonably rely on the informant's tip, the trial court erred in granting her motion to suppress the evidence.
Based on the foregoing, the judgment of the trial court is hereby reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
 BASCHAB, P.J., and SHAW, WISE, and WELCH, JJ., concur. *Page 831