Filed 11/27/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>EDWARD RYAN FISH,<br><br>    Defendant and Respondent. | 2d Crim. No. B290108<br>(Super. Ct. No. 2016028518)<br>(Ventura County) |

When blood is drawn from a person arrested for driving under the influence, the Fourth Amendment requires that it be drawn in a "reasonable manner." (*Schmerber v. California* (1966) 384 U.S. 757, 771-772; see also *People v. Mateljan* (2005) 129 Cal.App.4th 367, 376.) Here, the question is who has the burden of proof on the "reasonable manner" issue when a valid search warrant authorizes the blood draw. This is an issue of first impression in California. We hold that, where the circumstances of the blood draw are typical and routine, i.e., not peculiarly within the knowledge of the People, the burden of proof is on the defendant. (See *post*, at p. 10.)

Defendant is charged with one count of driving while under the influence of an alcoholic beverage and one count of driving

with a blood-alcohol level of 0.08 percent or more.  (Veh. Code, § 23152, subds. (a), (b).)  After his arrest, his blood was drawn pursuant to a valid search warrant.  The trial court granted defendant's Penal Code section 1538.5 (section 1538.5) motion to suppress the results of the blood test because the People had failed to carry their burden of proving that the blood had been drawn in a reasonable manner.

The People appealed from the interlocutory suppression order to the Appellate Division of the Ventura County Superior Court (Appellate Division).  (§ 1538.5, subd. (j).)  The Appellate Division reversed.  We granted the petition to transfer to this court.

*Factual and Procedural Background*

Defendant does not dispute that he was lawfully arrested for driving while under the influence of an alcoholic beverage. We therefore omit a summary of the facts leading to his arrest. He filed a written motion to suppress evidence alleging:  "The collection of blood, breath, or urine constitutes a search and seizure within the meaning of the Fourth Amendment *and* must be done pursuant to accepted medical practices.  [Citations.]"

At the section 1538.5 hearing the only witness was the arresting officer, Michael Ramos.  He testified that, after defendant had refused to submit to a breath or blood test, a blood draw was performed pursuant to a search warrant.  The warrant was not received in evidence and is not included in the record on appeal.  In its opinion below the Appellate Division "judicially notice[d] that the form DUI search warrant authorized and used by the Ventura Superior Court contains an order mirroring [the] statutory requirement" of Penal Code section 1524, subdivision (a)(13), which provides that a blood "'sample will be drawn from

2

the person in a reasonable, medically approved manner.'" As to the circumstances of the blood draw, Officer Ramos testified that the blood was drawn in his presence at a hospital.

After the parties had rested, defendant argued that the People had failed to carry their "burden to prove that the blood was taken according to acceptable medical practices." The People responded that, because the blood draw was pursuant to a warrant, the burden was on defendant to show that the blood was not drawn in a reasonable manner.

The trial court suppressed the blood-test results. It explained that, although "[t]he defense pled in their moving papers that acceptable medical practices must be followed[,] . . . [n]o evidence was adduced as to that fact." The court denied the People's request to reopen for the purpose of recalling Officer Ramos to establish that the blood had been properly drawn. The court stated: "[N]one of this is a secret. This is in the moving papers all the time. So the Court saw this coming a mile away. It's a little disappointing the People didn't. The Court's not inclined to allow the People to reopen."

### *Suppression of Evidence Based on The Manner of How a Search Warrant is Executed*

"[A] search conducted under color of a warrant is not 'reasonable per se,' but may be unreasonable in the constitutional sense on a number of grounds." (*People v. Cook* (1978) 22 Cal.3d 67, 97.) "Even if the warrant is legally sufficient . . . , the search is . . . unreasonable when the warrant is executed in an improper manner." (*Id.* at p. 98.) Section 1538.5, subdivision (a)(1)(B)(iv) provides that a defendant may move to suppress evidence on the ground that "[t]he method of execution of the warrant violated federal . . . constitutional standards." (See *In re Lance W.* (1985)

37 Cal.3d 873, 896 ["a court may exclude . . . evidence [pursuant to section 1538.5] only if exclusion is . . . mandated by the federal exclusionary rule applicable to evidence seized in violation of the Fourth Amendment"].)

*Burden of Proof*

The issue of which party has the burden of proof is purely a question of law. We therefore independently review the issue. (*People v. Carter* (2005) 36 Cal.4th 1114, 1140.) "[W]hen . . . the police . . . obtain a warrant, that warrant is presumed valid. 'Thus if the defendant attempts to quash a search warrant, . . . the burden rests on him.' [Citation.] A defendant claiming that the warrant or supporting affidavit is inaccurate or incomplete bears the burden of alleging and then proving the errors or omissions. [Citations.]" (*People v. Amador* (2000) 24 Cal.4th 387, 393; see also *Franks v. Delaware* (1978) 438 U.S. 154, 171 ["There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant"].) Because the presumption of validity applies to a warrant and its supporting affidavit, there is no reason to conclude that the presumption of validity does not apply to the manner of its execution. This is but an offshoot of the "preference for warrants" rule. (See *United States v. Ventresca* (1965) 380 U.S. 102, 105-106; see also *People v. Smith* (1994) 21 Cal.App.4th 942, 948-949.) To rule otherwise, there would be a presumption of invalidity and the "preference for warrants" rule would be markedly less preferential.

The United States Supreme Court has not determined which party has the burden of proof when the defendant contends that a valid search warrant was improperly executed. (See 6 LaFave, Search and Seizure (5th ed. 2012) § 11.2(b), p. 72.) But it has "expressed a strong preference for warrants and declared

4

that 'in a doubtful or marginal case a search under a warrant may be sustainable where without one it would fall.' [Citations.]" (*United States v. Leon* (1984) 468 U.S. 897, 914.) Searches "'pursuant to a warrant will rarely require any deep inquiry into reasonableness,' [citation], for 'a warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.' [Citation.]" (*Id*. at p. 922.)

California Cases

Pursuant to California case law, the defendant bears the burden of proof if he claims that a search pursuant to a warrant went beyond the scope of the warrant. (*People v. Reyes* (1990) 223 Cal.App.3d 1218, 1224 ["Because the questioned search in this case occurred during execution of a search warrant, defendant had the burden of proving the search was beyond the warrant's scope"].) Defendant is not claiming that the blood draw was beyond the scope of the warrant. But "[b]ecause the [blood draw] occurred during execution of a search warrant," *Reyes* supports placing the burden on defendant to prove that the blood draw was not performed in a reasonable manner. (*Ibid*.; see also Levenson, California Criminal Procedure (The Rutter Group 2017) § 6:17, p. 6-19, fn. omitted ["If a warrant was used, the search or seizure is presumed to be lawful, and the burden of demonstrating that it was illegally executed remains with the defendant"]; *Skelton v. Superior Court* (1969) 1 Cal.3d 144, 154, fn. 8 ["where the right to conduct a search is obtained ostensibly for one purpose, it may not be used in reality for another. However, where the search was conducted pursuant to a warrant validly issued, the burden should be on the one attacking the search to show that the motive of the officers was improper and

5

that their conduct was unreasonable"]; *People v. Hernandez* (1974) 43 Cal.App.3d 581, 590 ["where a search is made pursuant to a warrant, the burden of proving the invalidity of the search rests upon the challenger"]; *People v. Schad* (1971) 21 Cal.App.3d 201, 207 ["Since the officers had a search warrant, the burden is not upon the prosecution to show proper justification [for an alleged noncompliance with knock-notice requirements] but upon the defendant to show an unlawful entry and search"].)

Federal Cases

Two federal cases are on point. The first is *United States v. Vigo* (5th Cir. 1969) 413 F.2d 691 (*Vigo*). There, the search warrant required that it be served in the daytime. The defendant sought to suppress evidence on the ground the warrant was served prior to daytime. The appellate court placed on the defendant the burden of proving that it was not served in the daytime: "The warrant stands cloaked with a presumption of validity both in the court below and on this appeal. The [defendant] had the burden of proof in challenging the validity of its execution or service." (*Id.* at p. 693.)

The second federal case is *United States v. Marx* (5th Cir. 1981) 635 F.2d 436 (*Marx*). There, the defendants contended that the district court had erred in denying their motion to suppress evidence seized from two suitcases pursuant to a search warrant. The defendants argued that the service and execution of the warrant were technically deficient. Citing *Vigo*, the appellate court stated: "[Defendants] have the burden of proof in challenging the validity of the execution or service of the search warrant. [Citation.] We conclude that they have failed to discharge this burden, and accordingly the district court correctly denied [their] motion to suppress." (*Id.* at p. 441.)

6

*Vigo* and *Marx* are consistent with a long line of federal cases concluding that, because a search conducted pursuant to a warrant is presumed valid, the burden is on the defendant to prove that the search was unlawful. "The general federal rule on who bears the burden of proof with respect to an allegedly illegal search or seizure is based upon the warrant-no warrant dichotomy: If the search or seizure was effected pursuant to a warrant, the defendant bears the burden of proving its illegality; if the police acted without a warrant, the prosecution bears the burden of establishing legality. [Citation.] Where the police have acted pursuant to a warrant, the independent determination of probable cause by a magistrate gives rise to a presumption that the arrest or search was legal. But where the police have acted without a warrant, the legality of their action will not be presumed. The dichotomy may be explained, in part, by the often-stated preference that searches and seizures be effected pursuant to warrants." (*United States v. Longmire* (7th Cir. 1985) 761 F.2d 411, 417; see *Samuels v. McCurdy* (1925) 267 U.S. 188, 200 ["As a search warrant issued, the seizure was presumably valid"]; *United States v. Esser* (10th Cir. 2006) 451 F.3d 1109, 1112 ["Generally, the defendant has the burden of showing a constitutional infirmity if a search or seizure was carried out pursuant to a warrant"]; *United States v. Awadallah* (2d Cir. 2003) 349 F.3d 42, 64 ["Ordinarily, a search or seizure pursuant to a warrant is presumed valid"]; *United States v. Kimbrough* (5th Cir. 1995) 69 F.3d 723, 728 ["Kimbrough has failed to meet his burden of proof in challenging the execution of the search warrants"].)

## Sister State Cases

Because of the preference for warrants, "[w]ith respect to the issue which is usually central in a motion to suppress hearing - the reasonableness of the challenged search or seizure - most states follow the rule utilized in the federal courts:  if the search or seizure was pursuant to a warrant, the defendant has the burden of proof; but if the police acted without a warrant the burden of proof is on the prosecution. . . .  [I]t is said that '[w]ithout such a rule there would be little reason for law enforcement agencies to bother with the formality of a warrant.'" (6 LaFave, Search and Seizure, *supra*, § 11.2(b), pp. 50-52, fns. omitted; see *Smith v. State* (Ala.Crim.App. 1991) 588 So.2d 561, 577 ["'With regard to search warrants, the general rule is that the defendant has the burden of proof in challenging the validity of the execution or service of the search warrant'"].)

## Official Duty Presumption

In *State v. Kuznitz* (1969) 105 N.J. Super. 33, 42 [250 A.2d 802, 807], the court stated:  "There is a presumption that law enforcement officers acted legally in executing the court's [search] warrant.  [Citations.] . . . [¶]  The burden of proof is therefore on defendant to establish that the officers executed the warrant illegally."

There is a similar presumption in California.  Evidence Code section 664 provides:  "It is presumed that official duty has been regularly performed.  This presumption does not apply on an issue as to the lawfulness of an arrest if it is found or otherwise established that the arrest was made without a warrant."  The presumption appears to apply "on an issue as to the lawfulness of" a search made pursuant to a valid warrant. (*Ibid.*; see *Badillo v. Superior Court* (1956) 46 Cal.2d 269, 272

8

["In the absence of evidence to the contrary, it is presumed that the officers acted legally"].)

Defendant's blood was statutorily required to "be drawn . . . in a reasonable, medically approved manner." (Pen. Code, § 1524, subd. (a)(13).) According to the Appellate Division, the warrant included this requirement. Officer Ramos did not personally draw defendant's blood, but he was personally present at the blood draw. We therefore presume that he oversaw the procedure to assure it was performed in a sanitary manner that did not involve pain or trauma. (Evid. Code, § 664.)

Furthermore, the blood was drawn at a hospital. Officer Ramos had an official duty to assure that it was drawn by a person who was statutorily authorized to draw blood for the purpose of determining its alcoholic content. Vehicle Code section 23158, subdivision (a) provides in relevant part, "[O]nly a licensed physician and surgeon, registered nurse, licensed vocational nurse, duly licensed clinical laboratory scientist or clinical laboratory bioanalyst, a person who has been issued a 'certified phlebotomy technician' certificate pursuant to Section 1246 of the Business and Profession Code, unlicensed laboratory personnel regulated pursuant to Sections 1242, 1242.5, and 1246 of the Business and Professions Code, or certified paramedic acting at the request of a peace officer may withdraw blood for the purpose of determining the alcoholic content therein." We presume that Officer Ramos performed this duty.

*The Burden of Proof Rests on Defendant*

The official duty presumption and the preference accorded to search warrants do not automatically result in placing the burden of proof on defendant. If the relevant facts are peculiarly within the government's knowledge or control so that it is in a

9

much better position than the defendant to present evidence concerning those facts, the burden of proof may rest on the People.  (See *Willis, supra,* 28 Cal.4th at p. 38; *Dixon v. United States* (2006) 548 U.S. 1, 9 ["'where the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue'"]; accord, *Smith v. United States* (2013) 568 U.S. 106, 112; cf. *People v. Salas* (2006) 37 Cal.4th 967, 981 (*Salas*) ["Under the so-called rule of convenience and necessity, "'the burden of proving an exonerating fact may be imposed on a defendant if its existence is 'peculiarly' within his personal knowledge and proof of its nonexistence by the prosecution would be relatively difficult or inconvenient'"'"].)

The circumstances of the blood draw here are typical and routine.  The circumstances are not peculiarly within the government's knowledge or control and there is no suggestion that there was anything unusual about the blood draw.  The blood was not drawn at a police station by a government employee.  It was drawn at a hospital, presumably by a person legally licensed to draw blood.  Defendant was in as good a position as Officer Ramos to observe the blood draw.  If defendant's observations had led him to suspect that the blood draw was not performed in a reasonable manner, he could have subpoenaed the person who performed the blood draw.

As the Attorney General notes in his amicus curiae brief, defendant "could have simply averred that the blood draw procedures were unsanitary, painful, or unsafe and provided support from his own recollection."  He also could have questioned Officer Ramos about the blood draw during cross-examination.  "[T]he testimony of a police officer, when he or she is a percipient witness to the blood draw in question, may

10

properly be considered in evaluating whether that blood draw was conducted in a constitutionally reasonable manner." (*People v. Cuevas* (2013) 218 Cal.App.4th 1278, 1285.) "[T]he evidence of the manner of the blood draw [need not] come from the individual who performed it or from some other expert witness." (*Id.* at p. 1282.)

Accordingly, "[t]here is no unfairness or hardship in requiring [defendant] to assume the burden of presenting evidence of the facts on which he . . . relies." (*Salas, supra,* 37 Cal.4th at p. 982.) Defendant failed to carry his burden of proving that the blood draw was not performed in a reasonable manner. What he fails to appreciate is that the officer was ordered by a neutral and detached magistrate to seize this evidence in a "reasonable medically approved manner." (*Ante,* at p. 3.) This was not a suggestion to the officer. Neither the letter nor the spirit of the Fourth Amendment were violated in this case.

### Disposition

The order suppressing defendant's blood test results is reversed.

CERTIFIED FOR PUBLICATION.


YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.

11

Michael S. Lief, Judge

Superior Court County of Ventura

_____

Lessem, Newstat & Tooson and Danielle E. Tamir, Kenneth N. Hamilton for Defendant and Respondent.

Gregory D. Totten, District Attorney, Michelle J. Contois, Deputy District Attorney for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Edward DuMont, Solicitor General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Joshua A. Klein, Idan Ivri, Deputy Attorneys General as Amicus Curiae on behalf of Plaintiff and Appellant.